REBECCA P. RAIN, APPELLANT, VS. JAMES H. ROPER, APPELLEE.

1. Where an unmarried man makes a contract to sell real estate, and to execute a deed on payment of the purchase money, and afterwards marries and dies before executing a deed, the right of dower of the widow depends upon the compliance by the purchaser with the terms of the contract.

2. If the purchaser in such case pays for the land, he is entitled to a conveyance free of the claim of dower, and he may proceed against the heirs and legal representatives and compel a conveyance.

9

3. If he fail to comply, the representatives may proceed to compel a specific performance, or for a recision of the contract. If it be rescinded, the widow will be entitled to dower.

4. The purchaser cannot enjoin the widow's application for admeasurement of dower without showing that he is entitled to a conveyance, and for the purpose of procuring an injunction and compelling a conveyance, the heirs and legal representatives are necessary parties.

Appeal from the Circuit Court for Alachua county, Fifth Judicial District.

The appellant was the widow of Cornelius Rain, and as such applied to the Circuit Court by bill in equity for an assignment of dower in certain lands described. Appellee then commenced this suit by bill to restrain her from seeking dower in the lands, because he had bargained with said Cornelius Rain for his interest in the lands and held his bond for title thereto, to be consummated on payment to Rain of the sum of $2,200, on or before the first day of January, 1867. That the bond was executed and appellee went into possession thereunder before the marriage of appellant with said Rain ; that after the marriage he paid the said purchase money to Rain, and Rain died without having executed a deed to appellee. Prior to the execution of the bond, Rain and the appellee owned equal interests in the land, an undivided half having been sold and conveyed to Rain by the appellee some months previous. The appellee claims by his bill that Mrs. Rain was not entitled to dower because of his purchase and payment, the purchase and the bond to convey having occurred before the marriage, and because the appellee and Rain, the husband, were the owners and held the lands " as partners or tenants in common " prior to and at the time of the execution of the bond.

The answer of the appellant admits the facts charged in the bill, except that it denies that Rain parted with the title or actual possession of his interest in the land, denies that appellee paid the $2,200 consideration, and denies that the land was held as partnership property. The sale and the

execution of the bond for title are expressly admitted, as charged.

The case was heard according to the record upon bill, answer and replication, and the court decreed that appellant was not entitled to dower, and gave a perpetual injunction against any proceeding on her part to obtain dower in the lands described.

*T. F. King* for Appellant.

*Dawkins & Taylor* for Appellee.

RANDALL, C. J., delivered the opinion of the court.

The appellant insists that the bill is insufficient to maintain the suit, that the decree was erroneous because C. Rain, deceased, " died seized and possessed of the lands," and because the bond for title was not introduced in evidence.

The act of November 7, 1828, (Thomp. Dig., 184,) provides that the widow shall be endowed of one-third part during her natural life, of all the lands, tenements, &c., " of which her husband died seized and possessed, or had before conveyed, whereof said widow had not relinquished her right of dower."

" As a general principle," says Chancellor Kent, (4 Comm., 50,) " it may be observed that the wife's dower is liable to be defeated by every subsisting claim or incumbrance, in law or equity, existing before the inception of the title, and which would have defeated the husband's seisin. An agreement by the husband to convey before dower attaches, will, if enforced in equity, extinguish the claim to dower."

Upon this principle, if a man make a contract for the sale of his land, and afterwards, and before conveyance, marry, he is regarded in equity as a trustee for the purchaser, and if the conveyance be made during the coverture in execution of the contract, the purchaser takes the estate discharged of dower.   And the rule is the same if the husband die without having conveyed the land, and a specific performance of the contract is enforced against the heirs. Roper Husb. and.

Wife, 358 ; Dean vs. Mitchell, 4 J.J. Mar. 451 ; Stevens vs. Smith, ib., 64 ; Oldham vs. Sale, 1 B. Mon., 76 ; 7 Md., 26 ; 3 Md. Chy., 359 ; 3 Gill and John., 398 ; Atkins vs. Holmes, 2 Carter, (Ind.,) 197 ; Kentner vs. McRae, ib., 453.

Of course a widow cannot have dower in a trust estate where the mere legal title is in the husband. And it is equally plain that where the estate of the husband is defeasible, or is subject to conditions and qualifications imposed before marriage and without fraud, the same circumstances will affect the right of dower after his death.

It would be a very inequitable and dangerous rule that a vendor, before marriage, making a valid contract to convey upon payment of the purchase money, could by marriage impair the contract he had made by encumbering the estate with a right of dower.

The title of Rain, after the contract with Roper, was such that a court of equity would have directed Rain to execute a conveyance upon Roper's compliance with the contract. And assuredly the court would not have permitted Rain's marriage and his wife's refusal to join in the deed to stand in the way of a decree of a perfect title according to the agreement. And had Rain, after marriage, executed a deed in pursuance of the agreement, he had done just what the court would have directed. The estate of which Rain was seized during coverture, in this land, was an estate qualified and encumbered by the contract, and hence the right of dower was subject to such qualification and incumbrance. See Green vs. Green, 1 Ohio R., 535 ; Derush vs. Brown, 8 ib., 412.

It was doubtless in view of these equitable principles that the court decreed in the case at bar that Mrs. Rain was not entitled to dower in the lands bargained.

The record before this court, however, does not disclose that any testimony was taken or that any facts were admitted upon the hearing before the Circuit Court. The brief and argument of the appellee assert that the facts alleged

in the bill and denied by the answer, were proved before the court and to its satisfaction. Looking at the decree itself, we find that the cause was heard upon the bill, answer and replication and the arguments of counsel. The bond for title was admitted by the pleadings, but the possession of the lands and the payment of the money are disputed by the answer; and without some evidence to satisfy the court that the purchaser had complied with the terms of the contract, how can it be contended that he has entitled himself to a decree for a perpetual injunction?

In the case of the sale of lands before marriage, if the vendee neglect to make payment, and the vendor, during his lifetime, or his representatives after his death, elect to rescind the contract instead of going for a specific performance, the beneficial interest of the vendor in the lands will revest in him in the one case or in his heirs in the other, and his wife, consequently, be entitled to dower. (Kinter vs. McRae, 2 Carter, 453; Dean's heirs vs. Mitchell's heirs, 4 J. J. Mar., 451; Scribner on Dower, chap. 28, §§ 15, 21.

In the absence of any evidence that the vendee has complied with the conditions of his contract of purchase, we cannot admit that he has any right to stand in the way of the widow's legal right of dower. He must be entitled to a specific execution of the contract by compliance, or he will have no standing at law or in equity. He asserts that he has paid the purchase money and the widow denies it; so we have no evidence to sustain the complainant. His case is not proved, even as stated in his bill.

The widow is entitled to dower in the real, and a certain share of the personal property. If the real estate has been bargained away before her right of dower attached, and the purchaser complies with the contract, her dower cannot attach, because the vendor has then no beneficial interest, but holds the title as a mere trustee for the purchaser, and the widow can have her share of the proceeds. She is entitled to one or the other, but cannot have both, nor can she be

deprived of both by the purchaser's non-fulfilment of his contract.

The case of Smith and wife vs. Hines, 10 Fla., 259, referred to by the appellant, concerns personal and not real property.

. In what manner, then, can the purchaser establish his rights as against the claim for dower? The real issue in this case is whether the purchaser is *entitled to a conveyance* in pursuance of the contract. The widow is entitled to a dower of the lands of which the husband was "seized and possessed" during coverture, unless his seisin be defeated. The husband, in case of the non-payment of the purchase money, could have held the property as against the purchaser, and the purchaser could have recovered the land from the husband only by compliance and a suit in equity to compel a conveyance. And now that the husband is dead, the purchaser must establish his title by compliance, and by a proceeding against the legal representatives for the same purpose.

The legal seisin and possession are in the heirs, The widow is thus entitled to dower unless this seisin be defeated by a conveyance enforced in a court of equity, as we have already seen. As is said by Chancellor Kent, "the wife's dower is *liable to be defeated*" by the subsisting claim. "An agreement by the husband to convey before dower attaches, will, *if enforced in equity*, extinguish the claim to dower."

The rule is the same if the husband die without having conveyed the land, *and a specific performance of the contract is enforced against* the heirs. (Adkins vs. Holmes, and Kintner vs. McRae, 2 Carter, 197, 453, before cited.)

In all the cases we have been able to examine, the dower was defeated by a conveyance by the husband in his lifetime, or by a decree of specific performance against the heirs.

The issue, as to the payment, is legitimately between the purchaser and the heirs and legal representatives, and not

Rain v. Roper.

merely between the purchaser and the widow. It is between the purchaser and the heirs and representatives, because it would have been between the purchaser and the husband, if he were living, and this only in a suit for the purchase money or by a proceeding to rescind or to enforce the contract and to compel a specific performance. This is, in our judgment, the result from the adjudicated cases and upon all equitable principles. The cases cited by the appellee sustain this position.

It is true that the assignment of dower in the lands covered by the contract would be liable to be defeated by a subsequent proceeding to compel a conveyance, and this would be to the disadvantage of the widow. It would be far better on her part to postpone the application for dower until the contract is rescinded, or until the result of a suit for specific performance. But that affects her only, and does not concern the purchaser, as his rights are not affected by her application in a proceeding to which he is not a party.

The purchaser's title must grow out of his equitable rights under his contract. The legal title remains in the heirs of the vendor until divested by a court having jurisdiction, upon a proper case made to transfer the title by its decree.

The claim of the complainant, that the widow is not entitled to dower, on the ground that the lands were held in joint tenancy as partnership property, cannot be sustained upon the facts stated. It is not alleged that the lands were purchased with partnership funds for partnership purposes. (See Loubat vs. Nourse, 5 Fla., 351; Robertson vs. Baker, 11 Fla., 192; Price and wife vs. Hicks, 14 Fla., 565.)

A proper order of this court would be that the bill of complaint be dismissed, but under the circumstances it is ordered that the decree of the Circuit Court be and the same is hereby reversed, and the cause remanded with directions that the complainant, appellee, be allowed to amend his bill by adding the necessary parties and making the necessary

allegations and prayer for relief in accordance with the opinion in this case within a certain time, to be fixed by the Circuit Court, in default of which the bill will be dismissed.