Thomas Shalley, Sheriff, George R. Fairbanks et al., Appellants, vs. Mary E. Spillman et als., Appellees.

1. The removal of the "Trustees of the St. Johns Colony" by the order of the Circuit Judge,. and the appointment of other persons as such Trustees, does not *per se* operate to remove the same persons from the position of "Trustees of the St. Johns Co-operative Colony," nor to divest them of the legal title to the property of the latter.

2. A court of equity has no jurisdiction to enjoin a levy and sale of land under an execution unless by such sale an actual cloud upon the complainant's title will be created. Such a cloud is not produced by a sale under an execution against one who never had title to or interest in the land.

3. Where a bill filed to enjoin a sale as a cloud upon the title fails to show that the defendant in execution ever had an interest in the land, such bill is demurrable, and cause of demurrer may be interposed by answer.

Appeal from the Circuit Court for Putnam county.

Mary E. Spillman, Margaret C. Gay and twenty-four others bring their bill against Thomas Shalley, Sheriff of the county of Putnam, State of Florida, George R. Fairbanks, of the city of Fernandina, county of Nassau, State of Florida, and James M. Baker, as trustee, and say that they are the owners and in full possession of the property known as "Saratoga," situated in the county of Putnam, State of Florida, more particularly described in advertisement of Thomas Shalley set out in the bill ; that they are the owners in fee simple, severally of the whole of the premises ; that their respective parts, locality and area are distinctly set forth in paper attached as an exhibit, made part of the bill ; that they gave full, good and valuable considerations in money for their respective areas of land in said City of "Saratoga" on or before the 3d of May, A. D. 1881 ; that they purchased their several parts at and before said date from the Florida "Colonization Company," a corporation created by the laws of the State of New York ; that said Florida Colonization Company purchased the premises from Robert G. Alsop, Charles E. Griffith, George Watt, William H. Alvord and John J. Fleischman, by deed dated June 27, 1881, recorded in the records of Putnam county, State of Florida, July 5, 1881 ; that the said Alsop *et al.* purchased from the trustees of the St. Johns Colony by agreement made May 3, 1881, and the deed by said trustees to them was made May 18, 1881, and recorded in Putnam county, Florida ; that the Florida Colonization Company made deeds of conveyance respectively to complainants for their respective purchase on or about the 1st of November, A. D. 1881 ; that their deeds of conveyances so made as aforesaid are duly recorded in the records of Putnam county, Florida, within six months from the date of said conveyance ; that notwithstanding their ownership in

fee simple of the premises, Thomas Shalley, Sheriff of Put-nam county, has advertised for sale the premises; that said intended and advertised sale purports to be based upon two judgments therein mentioned, one in favor of George R. Fairbanks the other in favor of Hon. James M. Baker, as trustee, (both) against St. Johns Co-operative Colony; that George R. Fairbanks and Hon. James M. Baker, as trus-tee, obtained decrees in foreclosure proceedings from this honorable court against the property of the Trustees of the St. Johns Colony respectively mortgaged by said trustees respectively to the said George R. Fairbanks and Hon. James M. Baker, as trustee, on the 15th of April, 1881; that these defendants above mentioned proceed to sell the mortgaged premises in due form of law; that the premises known as " Saratoga " was not embraced or included within the mortgaged premises, nor did the decree authorize the sale thereof, nor was the said premises described in the said advertisement of Thomas Shalley (defendant herein) sold at foreclosure sale; that the de-fendants, Fairbanks and Baker, as trustee respectively, through their solicitors, applied to the court to confirm the sales respectively made upon their respective judgments on the 17th of November, A. D. 1881, and at that time applied for writ of execution upon the balance found to be due and owing upon their several judgments; that at that time the court did confirm the respective sales so made July 4, 1881, under foreclosure proceedings, and did authorize the said defendants, Fairbanks and Baker, as trustee, to collect the balance due upon said mortgage (so far as relates to the levy) in words as follows, to-wit: " The said execution to be levied upon and collected out of any trust property of the defendants, the said St. Johns Co-operative Colony, and *not otherwise.* November 17, 1881. James B. Dawkins, Judge." That the same order was made upon the judgments

of both defendants in the same words, yet nevertheless the said defendants, not heeding or regarding the orders of this honorable court made in said behalf, have not levied upon "the property of the defendant, the said St. Johns Co-operative Colony," *but have done "otherwise"* and levied upon the property of your orators, complainants herein, which they held in fee simple, and which is not now, nor ever was, subject to the levies aforesaid, either under the proceeding in chancery or under and by virtue of the judgments and executions; that as heretofore stated the mortgage given by the Trustees of the "St. Johns Colony" to George R. Fairbanks did not embrace the lands mentioned in the advertisement and owned by your orators, nor is it claimed by the defendants that it is so included, nor was any portion of the said premises purchased from the said George R. Fairbanks; but they aver that the said premises known as "Saratoga," owned by complainants, were purchased from James M. Baker as trustee, and that by writing was duly and properly reserved from the operations of mortgage given at the date of purchase; that the said Baker as trustee, in consideration of the sums of money heretofore paid ($2,022.22 then being paid,) ": does hereby release and cancel said mortgage lien upon that portion of Hernandez Grant hereinafter described," (being the same premises now levied upon by Thomas Shalley, Sheriff, and advertised for sale upon the 1st day of May, A. D. 1882,) "but in nowise to affect the lien upon the balance of the Hernandez Grant, the portion to be *fully* released," is as follows, as given substantially in written advertisement of defendant Shalley: This release, fully releasing said advertised premises, was made the 4th of June, 1878, and recorded in the records of Putnam county; that they purchased the premises known as Saratoga in good faith and paid the full consideration therefor, and that they relied

fully and entirely upon the faith and title of Baker as trustee, and that knowing that the portion of the premises of the Hernandez Grant known as Saratoga was fully and entirely released for a valuable consideration from the operations of the mortgage as given by the Trustees of the St. Johns Colony, they had no hesitancy in taking title from the Florida Colonization Company, who purchased the premises known as "Saratoga" from Robert G. Alsop, Charles E. Griffith, Geo. Watt, Wm. H. Alvord and John J. Fleischman, (whose deed of conveyance from the St. Johns Colony Trustees bears date May 18, 1881, recorded in book L, p. 377,) May 28, 1881, by deed dated June 27, 1881, and recorded July 5th, 1881, as before stated.

The mortgage given by the Trustees of the St. Johns College to George R. Fairbanks, as before stated, did not operate as a lien upon the premises in question, and hence they believed that at the time of making their respective purchases, as they believe now, that their title was free, indefeasible and in fee simple cleared of all liens and incumbrances; that the respective judgments of the defendants, Fairbanks and Baker, did not become a lien *even upon the property of the* Trustees of the St. Johns Colony until confirmation of sale had July 4, 1881, and execution authorized by the court made November 17, 1881, and could not be operative as a lien nor give notice to any one until duly recorded by the Clerk of Putnam county, which was not done until the said 17th of November, A. D. 1881; that this intended advertised sale would do a grievous wrong and injury to your orators; that such sale, if so had, would be a *cloud* upon their title, would of necessity entail upon them great expense; that a multiplicity of suits would be engendered, and there would necessarily be great expense, much time consumed and delay; that this bill is filed by your orators jointly, because their several titles came from

the same source, and that this property is embraced within the area of the land proposed so to be sold on the 1st Monday of May by Thomas Shalley, Sheriff, defendant, at the instance of said Fairbanks and Baker; that complainants purchased their property when there was no lien of record, at a time when there was no judgment or incumbrances against the premises; that the said purchase was made in good faith; that each and all have paid their full consideration therefor.

The bill prays an injunction restraining said defendants, Thomas Shalley, Sheriff, George R. Fairbanks and James M. Baker, as trustee, from selling the property advertised to be sold as aforesaid to satisfy the judgments and execution of Fairbanks and Baker as trustees until the further order of the court and such other and further writ as shall seem just.

Thomas Shalley, Sheriff of Putnam county, Florida, James M. Baker, trustee, and George R. Fairbanks, answered, denying that plaintiffs are the owners in fee or otherwise, either jointly or severally, of the premises known as Saratoga, or of any part thereof, or that they or any of them are in possession of said property or any part thereof.

They say that the title to said property in fee simple is held by George A. Sofield, Charles St. Charles and Thomas Hind, as Trustees of the St. Johns Co-operative Colony, by deed of conveyance to them from James M. Baker, trustee, one of these defendants, dated the 20th day of November, A. D. 1877, which was duly recorded in the office of the Clerk of the Circuit Court for Putnam county, Florida, on the 6th day of March, A. D. 1879; that if the said complainants hold any pretended deed or deeds from any parties purporting to convey to them said property known as Saratoga, as set up in the bill of complaint, which

these defendants do not admit, but require due and legal proof of the same, they say that such pretended conveyances were made by persons who had no title to said property and were not in possession of the same, and such pretended deeds are null and void; that the title to Saratoga is still in said George A. Sofield, Charles St. Charles and Thomas Hind, trustees as aforesaid; that a paper purporting to be a deed of conveyance was executed by certain persons styling themselves the Trustees of the St. Johns Colony, to Robert G. Alsop, Charles E. Griffith, George Watt, William H. Alvord and John J. Fleischman, but that the persons therein described as trustees, and who executed the same, were Washington Pullis, who is one of the complainants to the bill of complaint in this cause, and one James McConkey and one Thomas Kelly, and not the said parties to whom the said land was conveyed by James M. Baker, trustee, as aforesaid, to-wit: the said George A. Sofield, Charles St. Charles and Thomas Hind, Trustees of the said St. Johns Co-operative Colony, wherein the said Pullis, McConkey and Kelly describe themselves as the Trustees of the St. Johns Colony, a corporation or association of a different name from that of which the said Sofield, St. Charles and Hind were the trustees, all of which more fully appears by reference to the paper purporting to be a deed of conveyance from said Pullis, McConkey and Kelly to said Robert G. Alsop and others, a certified copy of which is attached; that defendants are informed and believe and so aver that the only claim of title of the said Washington Pullis, James McConkey and Thomas Kelly to said Hernandez Grant, including the said property known as Saratoga at the time of their pretended conveyance of Saratoga, is based upon an order of this honorable court made February 18, 1881, purporting to remove said George Sofield, Charles St. Charles and Thomas Hind from the position of Trustees of the St.

Johns Colony, and to appoint said Washington Pullis, James McConkey and Thomas Kelly, Trustees of said St. Johns Colony in their place and stead, which order was based upon an ex-parte petition filed in this honorable court on the same day that the said order was made, by said James McConkey and Thomas Kelly and Charles W. Turner, John J. Fleischman, George Watt, William H. Alvord and Washington Pullis, Charles E. Griffith and Robert G. Alsop, which last three named persons are parties complainant to this bill, claiming to be stockholders and owners of the company called the St. Johns Colony, and not the St. Johns Co-operative Colony, and praying a reference to a master to report the nature of the property, (meaning the said Hernandez Grant) the interest of the parties and the names of such parties proposed to be the trustees in the same place and stead of those appointed, (meaning the said George A. Sofield, Charles St. Charles and Thomas Hind) and that such persons be appointed trustees as to the court should seem fit, with full power to defend suits, institute proceedings and do and perform all and every act incident to a trustee, and that Washington Pullis, James McConkey and Thomas Kelly be empowered to defend suits, institute proceedings and employ counsel, subject to the approval of the court, all of which more fully appears by reference to a certified copy of the said petition and the proceedings had thereon, including said order which is hereto attached, whereby it appears that throughout the whole proceedings the *cestui que trust*, whose trustees are sought to be removed, is described as the " St. Johns Colony," whereas the said George A. Sofield, Charles St. Charles and Thomas Hind hold the said property, including Saratoga, as Trustees of "The *St. Johns Co-operative Colony*," as appears by their deed from James M. Baker ; and it further appears that said order was made on the same day of the filing of said petition

upon the ex-parte application of said petitioners without reference to a master as prayed, and without any service upon or legal notice whatever to the said George A. Sofield, Charles St. Charles and Thomas Hind, or either of them, and without bringing them in any manner before the court.

These defendants are advised and so claim and represent that the said George A. Sofield, Charles St. Charles and Thomas Hind, Trustees of the St. Johns Co-operative Colony, could not be and were not divested of their title to the said trust property held by them, including said Saratoga, and that the said Washington Pullis, James McConkey and Thomas Kelly, under whom complainants claim to hold, acquired no title whatever to said property by virtue of said proceedings, and that they had no title to said property known as Saratoga, and were not in possession of the same at the time of their pretended conveyance of the same to Robert G. Alsop and others. Wherefore such pretended deed is void.

Defendants admit that the property known as Saratoga is advertised for sale by defendant, Thomas Shalley, Sheriff of Putnam county, under and by virtue of two certain executions issued out of the Circuit Court for Putnam county, the one in favor of George R. Fairbanks, and the other in favor of James M. Baker, trustee, and that said notice of sale appended to said bill of complaint is correct, but they deny that said executions are against the St. Johns Co-operative Colony as alleged in said bill, and they aver that said executions are each against said George A. Sofield, Charles St. Charles and Thomas Hind, Trustees of said St. Johns Co-operative Colony, as appears by copies of said executions attached.

Defendants further say that upon the conveyance by the defendant, James M. Baker, trustee of the said land, including Saratoga as aforesaid, the said Sofield,

St. Charles and Hind, trustees, upon the same date executed to said James M. Baker, trustee, a mortgage of said property to secure the balance of the purchase-money of the same. And on the same date said George A. Sofield, Charles St. Charles and Thomas Hind, Trustees for the St. Johns Co-operative Colony, executed to said George R. Fairbanks a mortgage of certain property adjoining that conveyed by the said James M. Baker, trustee, to secure part of purchase-money for the same, as appears by certified copy of said mortgages hereto attached.

It is true as stated by the said bill that James M. Baker, trustee, executed a release of said premises known as Saratoga from the lien of his said mortgage at the time therein mentioned.

Defendants further say that the said Sofield, St. Charles and Hind, trustees as aforesaid, failed to pay said mortgages, whereupon suits for foreclosure of the same were respectively instituted in the Circuit Court, and decrees of foreclosure were respectively rendered in said cause on the 15th day of April, A. D. one thousand eight hundred and eighty-one, certified copies of which are hereto attached as a part of this answer; which decrees, as appears by reference thereto, after directing the payment by the defendants to the complainants, respectively, of the sums respectively found due, ordered Thomas Shalley, as special master of said court, to sell the property covered by mortgages respectively; and further ordered that if the proceeds of such sale should be insufficient to pay the moneys awarded to the complainants by said decrees that execution may issue against the said George A. Sofield, Charles St. Charles and Thomas Hind, as trustees as aforesaid, for the balance remaining due, to be levied upon and collected out of any property by them held for the said St. Johns Co-operative Colony, and not otherwise.

Defendants further answering deny that they obtained decrees in foreclosure proceedings against the property of the Trustees of the St. Johns Colony, but that the decrees obtained by them were, as above stated, against the said George A. Sofield, Charles St. Charles and Thomas Hind, Trustees of the St. Johns Co-operative Colony.

Defendants say it is true that the respective mortgaged premises were sold under the said respective decrees, which sales were made by said Thomas Shalley, special master; and that said property known as Saratoga having been released from the mortgage held by the defendant, James M. Baker, was not included in the foreclosure sales.

And defendants further answering aver that the proceeds of the said mortgaged premises, which were sold under the decree in favor of said James M. Baker, trustee, was not snfficient to satisfy said decree, there being a balance remaining due thereon of the sum of one thousand one hundred and eighty, fifty-five one-hundredths dollars, as appears by the report of said Thomas Shalley, master, of which a copy is attached; and that the proceeds ot the sale of the said mortgaged premises, which were sold under the said decree in favor of said George R. Fairbanks, was not suffi-cient to satisfy said decree, there being a balance remaining due thereon, over and above the proceeds ot such sale, of two hundred and twelve, thirty one-hundredths dollars, as appears by the report of said Thomas Shalley, master, a certified copy ot which is attached.

Defendants further say that the said reports of Thomas Shalley, master, were confirmed by this honorable court on the 17th day of November, A. D. 1881, and that in the order making such confirmation the said court further ordered that executions should issue for the balance due, respectively, as reported, but that the language used in such order was not as stated by the complainants in the said

bill, but in the case of James M. Baker, trustee, was as follows : " It is further ordered that execution in favor of the said James M. Baker, trustee, do issue against the said George A. Sofield, Charles St. Charles and Thomas Hind, defendants, as trustees, for the sum of one thousand one hundred and eighty, fifty-five one-hundredths dollars, the same being the balance found to be due the complainants over and above the proceeds of the sale of the mortgaged property, with interest from July 4th, 1881, the said execution to be levied upon and collected out of any trust property held by said defendants for the said St. Johns Co-operative Colony, and not otherwise." In the order made in the case of Fairbanks similar language was used, substituting the words George R. Fairbanks for James M. Baker trustee, and the amount, two hundred and twelve, thirty one-hundredths dollars for the balance mentioned in the Baker order.   Defendants further answering say that executions were issued in the said causes, respectively, on the 26th day of November, 1881, for the respective balances due as aforesaid, being the same already referred to, of which copies are hereto attached as exhibits ; that under such executions the defendant, Thomas Shalley, Sheriff, as aforesaid, levied upon said lands known as Saratoga, and more particularly described in said notice of sale, and advertised the same for sale on the first Monday of May, 1882, as he had a right to do, as these defendants are advised, the titles to said lands being, as before stated, in the said George A. Sofield, Charles St. Charles and Thomas Hind, Trustees of the St. Johns Co-operative Colony, of which title they have never been divested by deed from them or otherwise.

And defendants further answering deny, upon information and belief, that said complainants purchased said property known as Saratoga in good faith, or that they paid any consideration whatsoever for the same ; and defendants

aver that whatever pretended deeds complainants hold to said lands, the same were taken with notice of the pendency of the said suits and decrees of foreclosure of the said Baker and Fairbanks and the judgments therein against the Trustees of the St. Johns Co-operative Colony for any balance found due after sale of the property, subject to the mortgages respectively; and that whatever pretended deeds they hold were not placed on record in said county of Putnam until after said foreclosure sales, and after the reports of the master stating the respective amounts due, had been filed.

And these defendants aver, upon information and belief, that whatever pretended deeds the said complainants hold to said property were executed by a fraudulent combination between complainants and James McConkey and Thomas Kelly, who, with the complainant, Washington Pullis, style themselves Trustees of the St. Johns Colony, to defraud the defendants, James M. Baker, trustee, and George R. Fairbanks, of their lien on the land known as Saratoga for the balance due on the respective decrees.

And defendants further answering deny that it is true, as stated by complainants in their said bill, that the respective liens of said James M. Baker, trustee, and George R. Fairbanks, for their respective balances, did not accrue until the confirmation of the said sales by said order of the court. But the defendants are advised, and so claim, that their respective liens accrued on Saratoga when the said final decrees were rendered, to-wit: on the 15th day of April, A. D. 1881.

And these defendants further answering deny that said proposed sale by Thomas Shalley will be a cloud upon the title of complainants to Saratoga, as the complainants have no title whatever to said property, as has been fully shown by these defendants.

And these defendants submit to this honorable court that all and every of the matters in said complainants' bill mentioned and complained of are matters which may be tried and determined at law, and with respect to which the said complainants are not entitled to any relief from a court of equity, and these defendants hope that they shall have the same benefit of this defence as if they had demurred to the complainants' bill.

Defendants make usual denial of all and all manner of unlawful combination and confederacy, wherewith they are by the said bill charged, without this, &c., and pray to be dismissed with their costs.

On April 12, 1882, the cause was heard on "the bill filed in aforesaid cause, and the respective exhibits thereto, and the answer thereto and its respective exhibits," and it was ordered "that the prayer of the complainants be granted, and that Thomas Shalley, Esq., Sheriff of Putnam county, George R. Fairbanks and Hon. James M. Baker, trustee, their deputies, solicitors, attorneys or agents, be restrained and enjoined from selling or proceeding to sell the property known as Saratoga, and levied upon by virtue of two certain executions respectively in favor of George R. Fairbanks and James M. Baker, trustee, against the "St. Johns Co-operative Colony, issued the 26th day of November, A. D. 1881, and that the said Thomas Shalley, George R. Fairbanks and Hon. James M. Baker, trustee, their solicitors, agents or attorneys, be and are hereby enjoined until the further order of this court from interfering, levying upon, selling or advertising for sale the property," &c.

The other facts are stated in the opinion.

*Fleming & Daniel* for Appellants.

*J. C. Marcy & Son* for Appellees.

33

THE CHIEF-JUSTICE delivered the opinion of the court:

There is no question between counsel that the complainants must, to maintain this suit, have at least a legal title to the property in question.

The complainants assert such title and the defendants deny it.

Complainants allege that their title is derived from the "Trustees of the St. Johns Colony" by agreement dated May 3, 1881, and a deed by the trustees dated May 18, 1881, conveying the lands to Robert G. Alsop, Charles E. Griffith, George Watt, William H. Alvord and John G. Fleischman, a conveyance by said Alsop and others to "The Florida Colonization Company," a New York Corporation, and by a conveyance from this corporation to complainants.

Defendants show by their answer and exhibits that James M. Baker, trustee, conveyed the property by deed November 20, 1877, to "George A. Sofield, Charles St. Charles and Thomas Hind, *Trustees of the St. Johns Co-operative Colony* of the county of Putnam and State of Florida," and their heirs, successors and assigns forever. It does not appear that Sofield, St. Charles and Hind, either in their own right or as Trustees of the St. Johns Co-operative Colony, have parted with their title by any conveyance made by them.

It appears by an exhibit annexed to the answer that on the 18th February, 1881, a proceeding was had before the Judge of the Fifth Circuit "in the matter of the petition of stockholders and owners of the St. Johns Colony for the removal of trustees and the appointment of new trustees to act in their stead and place." The petition alleges that they purchased a large tract of land in Putnam county known as the Hernandez Grant, and another tract from

George Fairbanks, and selected George Sofield, Charles St. Charles and Thomas Hind trustees for the said St. Johns Colony, and had the said lands conveyed to them for the use of the St. Johns Colony, petitioners being the said St. Johns Colony ; that the trustees had utterly neglected to act as such trustees for the interests of the owners, to their great detriment. One of these trustees resides in Brazil, one in New Jersey and one in Florida. They prayed that the deed making them such trustees be vacated and new trustees be appointed in their stead. The Judge on the same day made an order that Sofield, St. Charles and Hind be removed from their position as trustees of the " St. Johns Colony," and that their power as trustees be vacated. It was further ordered that Washington Pullis, James McConkey and Thomas Kelly be appointed trustees in the place of those removed. This order was filed in the clerk's office in Putnam county, February 23, 1881.

Whether the *St. Johns Colony* was a corporation, or a joint stock association unincorporated, does not appear by any allegation in the pleadings. In one of the exhibits annexed to the answer, to-wit: a deed " between Washington Pullis, James McConkey and Thomas Kelly as Trustees of the said The St. Johns Colony of the first part and Robert G. Alsop " and others named, conveying the lands mentioned, the St. Johns Colony is described as " a corporation duly created by and under the laws of the State of Florida."

Nowhere in the bill or answer does it appear that " The St. Johns Co-operative Colony " and the " St. Johns Colony " are identical, or whether either of them is a corporation. They appear, so far as the pleadings show, to be two associations existing under different names.

We do not think it necessary to decide whether the proceedings for the removal of the " Trustees of the St. Johns

Colony" and the appointment of the new Trustees were effective in respect to the question of the method of proceeding or the jurisdiction of the court over the persons of the Trustees sought to be removed. If they were legally removed as Trustees of the "*St. Johns Colony*," it does not necessarily follow that the "*Trustees of the St. Johns Co-operative Colony*" were displaced.

There is no dispute that the title was formerly vested in James M. Baker, trustee, and that he conveyed to Sofield, St. Charles and Hind, trustees of the St. Johns Co-operative Colony. No conveyance by them appears here. The sheriff, Shalley, by virtue of executions issued upon decrees for a balance due after foreclosure of mortgages and sale of mortgaged property, in suits wherein Baker, trustee, and Fairbanks, were severally complainants, and Sofield, St. Charles and Hind as "trustees of the St. Johns Co-operative Colony," were defendants, and by direction of the court by its decree, levied upon these lands as trust property held by Sofield, St. Charles and Hind, for the St. Johns Co-operative Colony, and so far as we can ascertain by the record here the lands are still held by them in trust for the latter, and liable to levy and sale for any of its debts duly established by judgment or decree.

The defendants insist that the matters alleged in the bill of complaint do not show that complainants are entitled to invoke the aid of a court of equity to remove or prevent a cloud upon their title, because they have ample remedy in a court of law, and defendants "claim the same benefit as though they had demurred to the bill."

The question as to the jurisdiction of a court of equity to prevent or remove a cloud upon the title of complainants depends upon whether, on a sale made by virtue of an execution against a third person, such sale would give the purchaser an apparent title as against the complainants, which

they would have to defeat by evidence in defence in an action against them. The rule on this subject is stated in Davidson vs. Seegar, 15 Fla., 671, 679 ; Barnes and Wife vs. Mayo, Admr., decided by this court at this term ; Pixley vs. Huggins, 15 Cal., 127 ; Rea vs. Longstreet, 54 Ala., 291 ; Robinson vs. Joplin, Ib., 70 ; 1 Story's Eq. Jur., §700, 11th Ed., Note A.

The bill in this case fails to show that the St. Johns Co-operative Colony, or the Trustees thereof, ever had any title or interest in the lands levied on by the sheriff under the execution against such Trustees ; and if the St. Johns Co-operative Colony, or its Trustees, never had any interest, such levy and sale would not carry an apparent title to a purchaser. Such purchaser, therefore, could not recover in an action of ejectment upon his own showing, and the defendant would not be put to proof to defeat it. In other words, a sale under an execution against A would not create a cloud upon the title of land belonging to B, unless B at some time had a title.

The bill failing to show that the St. Johns Co-operative Colony, or its Trustees, ever had any interest in the land, a sale under the executions in favor of Baker and Fairbanks would not create such a cloud upon the title of the complainants as to warrant the interference of a court of equity. The demurrer of the defendants must be sustained.

The decree of the Circuit Court allowing an injunction is reversed and set aside, and the bill will be dismissed by the court below unless the complainants amend as they may be advised within such time as may be fixed by that court.