JOHN D. BARNES ET UX., APPELLANTS, VS. ANDERSON MAYO, ADMINISTRATOR OF F. H. EDRINGTON, AND J. B. MICKLER, SHERIFF, APPELLEES.

1. An execution issued upon a judgment against A, under which the sheriff levied upon and advertised for sale the land of B, does not tend to produce such a cloud upon the title of B as to authorize a court of equity to enjoin the sale, unless it appears that the judgment debtor had at some time a title or an interest in the land.

2. So, where it is alleged in a bill filed to enjoin the sale that A, the debtor, never had a shadow of right, title or interest in the land levied on, such levy and a sale thereunder will not operate to give a *prima facie* right of action against B for the possession; and a cloud upon his title is not created which authorizes the court to decree an injunction. Budd vs. Long, 13 Fla., 288, criticised and explained.

Appeal from the Circuit Court for Hernando county.

No objection to the equitable jurisdiction was made by appellees in the Supreme Court.

The other facts of the case are sufficiently stated in the opinion.

*T. S. Coogler* and *Geo. P. Raney* for Appellants.

*J. B. Wall* and *S. M. Sparkman* for Appellees.

THE CHIEF-JUSTICE delivered the opinion of the court:

The bill in this case fails to state facts upon which the jurisdiction of the court of equity can be sustained. It states that the complainant, Mrs. Barnes, is the owner in fee of the land in question by descent, as the heir at law of John L. May, who had a valid title by purchase; and that the defendants have levied an execution on and propose to sell the land under a judgment and decree for a sum of money rendered against Matilda H. May in favor of the defendant, Mayo, administrator of the estate of F. H. Edrington. The complainants allege that Matilda H. May, against whom the judgment and decree was rendered, never owned the land and never "possessed any right or title to the same." Thereupon it is alleged that the levy and sale under the execution would cast a cloud upon complainants' title, and greatly injure the value thereof and subject complainants to vexation and harrassment, wherefore an injunction is prayed to restrain the threatened sale. Defendant

answered, claiming that the title was in Matilda H. May and the land subject to sale on the execution against her.

Upon filing the bill the Chancellor allowed an injunction, and after proofs were taken and a hearing had upon the whole case the injunction was dissolved, and from this decree complainants appeal.

Complainants rely upon the opinion of this court in Budd, Administrator, vs. Long, 13 Fla., 288, 309, as sustaining the equity of this bill. In that case Long claimed title by deed from one Clem. Budd claimed under a judgment against Clem, and had his execution levied on the land, insisting that his judgment was a lien superior to Long's title, if he had any. It was found that a part of the property had been conveyed to a trustee for the use of Clem before Budd's lien attached, and that it was a proper case for an injunction to restrain the sale upon the ground that though the sale would not affect the title of Long or operate to dispossess him, yet it tended to cloud his title and annoy him and affect the value of the property.

While the rule laid down in the opinion in that case was correct as applied to the circumstances developed by the bill and proofs, I must confess that as a general rule it was too broad to be sustained. The language then used on page 309 is: "An actual wrongful sale and conveyance of real property, though it may not operate to dispossess the owner, yet brings a cloud upon his title," &c.; and further: "It has been held, and as we think very properly, that where the real property of one is levied on to satisfy the debt of another, a bill of injunction may be maintained to restrain the sale."

In the case of Davidson vs. Seegar, 15 Fla., 671, 679, the rule is stated from Pixley vs. Huggins, 15 Cal., 127, opinion by Field, C. J., which seems to be that generally adopted by the courts in the United States, as follows:

The true test whether a deed would cast a cloud upon the title of the plaintiff, is whether in an action of ejectment brought by the grantee founded upon such deed, the owner would be required to offer evidence to defeat a recovery. If such proof would be necessary the cloud would exist, and if such proof would not be necessary no shade would be cast upon the title by the deed. If the action would fall by its own weight without proof in rebuttal, no occasion could arise for equitable interposition as in the case of a deed void upon its face, or which was the result of proceedings void upon their face, requiring no extrinsic evidence to disclose their illegality.

Judge Field says further (page 134): "So too a conveyance not falling in the chain of title, as from one who never had any connection with the property, would not constitute a cloud upon such title. No action could be supported upon such a conveyance, even in the absence of rebutting proof, any more than upon so much waste paper."

And so, as was said in Davidson vs. Seegar, when an action cannot be maintained upon a conveyance in the absence of rebutting proof it cannot be said to be a cloud upon the title, and cannot affect the title or the possession.

With scarcely an exception this is the true test as declared by the courts. See collection of authorities cited in 1 Story's Eq. Jur., Eleventh Ed., §700, note *a ;* Rea vs. Longstreet, 54 Ala., 291 ; Robinson vs. Joplin, Ib., 70.

In Budd vs. Long complainant's land had been levied upon by an execution issued upon a judgment against Long's grantor, and upon a sale and deed under that judgment and execution, an exhibition of the record of judgment and execution against the grantor, and of the original title of the grantor, the sheriff's deed would *prima facie* have constituted evidence of title, and it would have been necessary that Long should produce his deed to defeat the

title shown by the sheriff's deed. The rule as stated in that case agrees with that in Wilson vs. Butler, 3 Munf., 559, but to be in accord with the well settled and accepted doctrine it should have said that where the real property of complainant is levied on by virtue of a judgment and execution against another who had before then had a title or an interest, such levy would create a cloud upon the title which would be enjoined.

In the present case the bill shows that Matilda H. May, the defendant in the execution, never had any real or apparent title or interest in the land. That being the case a sale by the sheriff under the execution would create no *prima facie* legal title. If Matilda H. herself had executed a deed to the defendants they would have taken no interest by it and could not have established, in ejectment against complainants, any title requiring them to prove their own in rebuttal.

The result is that such deed would cast no cloud upon their title which the courts of equity recognize as giving jurisdiction to interpose by injunction or decree. This must have been the ground upon which the Chancellor dissolved the injunction.

The decree is affirmed.