MARY S. BENNER ET AL., APPELLANTS, vs. D. R. KENDALL ET AL., APPELLEES.

1. To entitle a party to relief on a bill in equity filed by him to enjoin a sale of property claimed by him, which, if the sale occurred would be a cloud on his title, he must show title in himself. If he fails to do so he cannot be injured by such a sale.

2. When the cloud proposed to be removed by the bill would not, if an action of ejectment was brought upon it against the true owner, be sufficient to cause said owner to be put to proof of its ineffi-

ciency, and was not apparently a good title, no cloud exists and the interference of a court of equity cannot be invoked.

[Raney, J., dissenting as to the rule announced in the 2d head-note, under chapter 3432, Laws of Florida.]

Appeal from the Circuit Court for Brevard County.

Mr. Justice VanValkenburg did not sit in this case.

The facts of the case are stated in the opinion.

*G. W. Deans* and *J. W. Archibald* for Appellants.

*C. P. & J. C. Cooper* for Appellees.

THE CHIEF-JUSTICE delivered the opinion of the court:

This bill was filed by Mary S. Benner in her own right, and Mary S. Benner and F. M. Bonta as executor and executrix of Hiram S. Benner deceased, and Ella Benner, Ida Benner and Mary Benner, minor children of the said Hiram S. Benner, by their next friend, J. W. Archibald, of the County of Duval and State of Florida, and Laura Bonta and F. M. Bonta husband of the said Laura, and Charles F. Benner of the State of New York, and Fanny Duclos of the State of New Jersey, against Daniel R. Kendall, Susan R. Kendall, Caroline C. Kendall and Elizabeth Upham, executors of the estate of Isaac C. Kendall of the State of New York, and George W. Hunt of the State of Florida.

The bill alleges that the complainants are owners of and have an indefeasible title to a tract of land lying and being in the State of Florida, in townships 22 and 23 south, and ranges 34, 35 and 36 east, containing forty-three thousand acres, and that they are now in full and peaceable possession of the same; that the defendants, Daniel R. Kendall, Susan R. Kendall, Caroline C. Kendall and Elizabeth

Upham as executors of Isaac C. Kendall, have obtained a decree for the sale of a part of this tract of land, by virtue and in pursuance of a foreclosure of a certain alleged mortgage claimed to have been made by one Joseph Delespine, in a suit wherein the defendants in this suit were complainants and Ramon Hernandez, administrator of Joseph Delespine, was defendant, said decree of sale being dated May 3d, 1884. That by the said decree George W. Hunt was appointed by the court to sell said property on the first Monday in July, and that the said Hunt unless restrained would sell said property. That said sale if made would cast a cloud on the title of complainants.

The bill prays for an injunction against the defendants restraining them from further proceeding and from selling the said land until the further order of the court. There are no exhibits of any kind referred to in said bill in proof of title, nor any affidavit setting up title in the complainants or for what length of time they have been in possession of said tract of land. On this bill the Chancellor granted an order that the decree directing George W. Hunt to sell the land mentioned in said decree be suspended until the further order of the court.

On 28th of October defendant filed an answer setting up—

1st. That they were advised by counsel that said bill could not be maintained and no injuntion should issue to enjoin the entering of a decree in a chancery suit regularly made by the court in another cause on May 3d, 1885.

2d. That the defendants are the representatives of Isaac C. Kendall, deceased, and holders of a valid note and mortgage made by Joseph Delespine to whom the lands mentioned were granted by the Spanish Government in 1817, the said mortgage regularly foreclosed and the lands therein described decreed to be sold. That Delespine and those

against whom suit was brought had the legal interest in said lands. That complainants claim title to said lands through a tax sale and deed thereunder of John Simpson, as Tax Collector of Orange county, to the Register of Public Lands of the State of Florida, made the 29th day of July, 1852—a copy of which deed is attached to the answer and marked "Ex A," and a deed from Dennis Eagan, as Commissioner of Lands and Immigration of said State, to Hiram Benner. The answer prays that it may be taken as a demurrer to the bill.

The respective counsel for complainants and defendants agreed in writing to submit the "above case as to dissolution of injunction before the Hon. W. A. Cocke on Friday, November 14th, 1884."

Subsequently counsel made another agreement in writing to submit the motion to dissolve the injunction on the 25th of November.

On same day the complainants filed their replication to the answer of defendant.

On the day last mentioned the Judge, Hon. W. A. Cocke, ordered that the injunction be dissolved.

The complainants in their petition of appeal assign as error the dissolving of the injunction.

At the hearing of the motion to dissolve, the complainants did not attempt to prove title in themselves by any evidence of any kind. Complainants before asking the court to remove a cloud from their title must actually have a title. If there is no title there can be no cloud. "The party aggrieved must actually have a title which is embarrassed or to become so by the threatened cloud." High on Injunctions, vol. 1, sec. 380.

The bill alleges that the defendants claim a right to sell the property under a decree of foreclosure of a mortgage made by one Joseph Delespine. It does not allege that said

Delespine ever had or claimed title to the land described in the decree. If Delespine had no title or interest in the lands mortgaged by him a sale under such mortgage would not convey an apparent title to a purchaser, and would not be a cloud on the title of the true owner. It is always assumed when the court interferes that the title of the party complaining is affected by a hostile title apparently good, but really defective and inequitable by something not appearing on its face. Rea *pro ami* vs. Longstreet & Sedgwick, 54 Ala., 291. When, however, the alleged hostile title is void on its face, or is insufficient to make a *prima facie* case in an action of ejectment, and would fall of its own weight without proof in rebuttal, it does not amount to a cloud, and equitable interference is unnecessary. Ibid, Pixley vs. Huggins, 15 Cal., 127; Shalley *et al.* vs. Spillman *et al.*, 19 Fla., 500. From the case made by the bill a purchaser at the foreclosure sale under the mortgage made by Delespine would have a master's deed to property in which the mortgagor had no title and consequently no right to mortgage the same. Such a title would not be a cloud as contemplated by law.

Decree is here rendered dismissing the bill.

MR. JUSTICE RANEY delivered the following dissenting opinion:

I concur in the opinion of the Chief-Justice that no showing was made by the complainants, Benner *et al.*, entitling them to an injunction, and that it was properly dissolved. I do not think, however, that since the passage of chapter 3432, entitled "an act in relation to injunctions," approved February 12th, 1883, a court of equity is ousted of its jurisdiction to enjoin a sale of land by the failure of the bill to show that the person as whose property it is attempted to sell ever had any interest in the land. The purpose of the

statute in question was to enable an owner in possession to go into equity to restrain a sale of his land as the property of any other person, whether that person be one who has never had any interest or who has had title to it at some time ; and to thus enable him to prevent a sale of and a paper title covering his land from being made, instead of compelling him to stand by (except in cases covered by the sale laid down in Barnes *et ux.* vs. Mayo, 19 Fla., 542, and cases cited by the C. J.,) until a deed should be made, and sustain his superior title against an ejectment brought against him on such alleged adverse title. The statute has enlarged the equitable jurisdiction of the court as fixed by the cases referred to, and now such an owner in possession can go into equity and prevent his land from being sold as the property of another who has had no interest in it.

In view of the absence of Judge VanValkenburgh, who is not well enough to be in attendance upon the court, I think it unnecessary to say more, as nothing can be taken as settled by this case outside of the doctrine covered by the first head note, and the disposition made of the bill.