ATLANTIC BEACH IMPROVEMENT CORPORATION v. VIVIENNE E. HALL, Individually and as Administratrix of the Estate of C. Leon Hall.

197 So. 464
Division B
Opinion Filed July 23, 1940

*Giles J. Patterson,* for Appellant;

*P. H. Odom,* for Appellee.

BROWN, J.—This suit concerns the ownership and right to possession of a parcel of land 57 feet wide which had formerly been the right of way of Atlantic Boulevard. This highway, as originally located, bounded Lot 1, Block 50, Neptune, on the north. The complainant claims rights therein under a contract to purchase. As the holder of such a contract, he seeks by bill in equity to establish his ownership, and oust the defendant from possession of the 28½ feet immediately abutting Lot 1, Block 50, being the

south half of the abandoned highway. The defendant is in possession of the controverted land under a warranty deed from the complainant's vendor, executed when the County Commissioners of Duval County vacated this parcel of land as the roadbed of Atlantic Boulevard.

The allegations of the amended bill which are essential to the disposition of this case are as follows: The complainant states "That the Atlantic Beach Corporation, a corporation under the laws of the State of Florida, on the 26th day of May, 1920, being the owner in fee simple of said Lot one (1), Block fifty (50) Neptune, contracted with and agreed to sell to W. L. Griffis, the said Lot One (1) Block fifty (50) Neptune; that the said Griffis, joined by his wife, Annie L. Griffis, on the 5th day of May, 1921, assigned their interest in said contract to T. W. Wooten, which assignment is recorded in Deed Book 210, page 566, of the Public Records of Duval County, Florida; that T. W. Wooten, joined by his wife, Lula Wooten, on the 10th day of July, 1934, assigned their interest in said contract to the complainant herein, which assignment is recorded in Deed Book 666, page 115 of the Public Records of Duval County, Florida; that said contract is now in full force and effect.

"That by virtue of the papers mentioned in the preceding paragraph and a supplemental contract between Harcourt Bull and T. W. Wooten dated May 26, A. D. 1921, the complainant is the equitable owner of that certain piece or parcel of land situate in Duval County, Florida, particularly described as: Lot 1, Block 50, according to plat recorded in plat book 4, page 46 of the current public records of Duval County, Florida, and the South half of the right of way of Atlantic Boulevard, as shown on said plat, viz.:

"Beginning at the Northwest corner of said Lot one (1) running thence north along projection of the westerly line of said Lot One (1), 28½ feet, thence easterly parallel with the north line of said Lot one (1), to its intersection with the projection of the east line of said Lot One (1) thence southerly along said projection of the east line of said Lot One (1), thence southerly along said projection to the northeast corner of Lot One (1), thence westerly along the north line of said Lot One (1) to the point of beginning.

"That on the 7th day of May, 1925, the Atlantic Beach Securities and Trust Corporation, the Atlantic Beach Corporation, Harcourt Bull and Florence Bull, conveyed to the Atlantic Improvement Corporation, the defendant, certain lands in Atlantic Beach and Neptune, Duval County, Florida; * * * but the complainant denies that the defendant had any right, title or interest in and to the land described in paragraph one hereof (being all of Lot 1, Block 50, and the abandoned right of way of Atlantic Boulevard) by reason of said conveyance or otherwise."

The complainant further alleges that he and his predecessors had been in possession, but that defendant now occupies the land in controversy, and prays "That the complainant be declared to be equitable owner of that certain parcel of land situate in Duval County, Florida, particularly described as Lot 1, Block 50, according to plat recorded in plat book 4, page 46 of the current public records of Duval County, Florida, and the South half of the right of way of Atlantic Boulevard, as shown on said plat, viz:" (giving the same description as that hereinabove quoted).

"And that by reason of the equitable ownership of both parcels of the land above described, the complainant, his heirs and assigns be given the right of way over all of the

land north of the land above described, extending to the right of way of the Atlantic Boulevard, as the same now exists, adjacent to said land, being between the projections north of said Boulevard, of the east and west lines of said property; that the defendant, its servants, agents and employees be enjoined from maintaining or constructing fences or maintaining or placing other obstructions over, across or in front of or abutting the land above described, which would in any manner, interfere with free, full and complete access to Atlantic Boulevard by the complainant, or those claiming the above described land, by, through or under him, and that the complainant be given possession of said Lot one and a strip of land 28½ feet in width immediately north thereof, as above described, by virtue of his equitable title as hereinabove designated, and that the defendant, his agents, servants and employees are hereby enjoined from asserting any right, title or interest in or to said land."

The defendant made motion that the bill be dismissed on the ground that the complainant had failed to show title sufficient to maintain the suit. This motion was denied, and the cause proceeded to final decree granting the complainant the relief prayed for. This appeal is brought by the defendant below, Atlantic Beach Improvement Corporation, claiming, among other grounds, that the lower court erred in denying its motion to dismiss the bill of complaint.

It has long been well established in this State that a court of equity will not invoke its inherent jurisdiction to quiet title or to remove a cloud from title unless the complainant first shows title to be in himself. Sanford v. Cloud, 17 Fla. 557; Benner v. Kendall, 21 Fla. 584; Johnson v. Baker, 73 Fla. 6, 74 So. 210; Secs. 5005, 5010, C. G. L. While it is only required that in order to maintain the suit against a party not in actual possession that the complainant

must have either a legal or equitable title, Sec. 5005 C. G. L. (Chapter 10223, Acts of 1925), Peninsular Naval Stores v. Cox, 57 Fla. 505, 59 So. 191, it is further required that he who comes into equity to get rid of an apparent legal title as a cloud upon his own must show clearly the validity of his own title and the invalidity of his opponent's. Equity will not act in such cases in the event of a doubtful title. Sanford v. Cloud, *supra;* Levy v. Ladd, 35 Fla. 391, 17 So. 635; Day v. Benesh, 104 Fla. 58, 139 So. 448. See also, as to the effect of Chapter 11383, Acts of 1925, the case of McDaniel v. McElvy, 91 Fla. 770, 108 So. 820, 51 A. L. R. 731.

The complainant has alleged that he is the equitable owner of the south half of the abandoned roadbed which abuts Lot 1, Block 50, and bases his claim upon the fact that he is assignee of a contract to purchase the said Lot 1. This Court has said that "in equity, where the relation of vendor and vendee has been established by the vendor executing a contract to convey the legal title to property upon the payment by the vendee of the purchase price that he has obligated himself to pay, the vendee is regarded as the real beneficial owner, even though he has not paid the purchase price. The vendor holds the legal title as trustee, and when the terms of the contract are complied with he is bound to convey." Aycock Bros. Lumber Co. v. First Nat'l Bank, 54 Fla. 604, 45 So. 501, 506; see also Schmidt v. Kibben, 100 Fla. 1684, 132 So. 194; Miami Bond & Mtg. Co. v. Bell, 101 Fla. 1291, 133 So. 547; Marion Mtg. Co. v. Grennan, 106 Fla. 913, 143 So. 761, 87 A. L. R. 1492.

On strict analysis, however, the relationship is not that of an ordinary trustee and beneficiary. For "while the vendor holds the legal title subject to an equitable obligation to convey to the purchaser on payment of the purchase

money, he has, unlike an ordinary trustee, a personal and substantial interest, which he may actively assert." I Tiffany, Real Property (2nd ed.), Sec. 125.

That this is the rule prevailing in this State is borne out by Rains v. Roper, 15 Fla. 121, where this Court held that a purchaser, who believes himself entitled to a conveyance free of the dower rights of the vendor's widow, must show compliance with the contract on his part before he will become entitled to restrain by a bill in equity the assignment of dower to the vendor's widow.

Herein the complainant has failed; it is not shown what rights the appellee claims under the contract, or whether or not the vendor still has an enforceable lien on the vendee's estate as security with a right to enforce payment in equity by strict foreclosure. Aycock Bros. Lumber Co. v. First Nat'l. Bank, *supra.* It would be an inequitable and dangerous rule that would permit a vendee under a land contract to render a valid conveyance of his vendor a nullity without showing he had an indefeasible right to the title. "The purchaser's title must grow out of his equitable rights under his contract." Rains v. Roper, *supra.*

We have held that the bill of complaint must show that the complainant has title to the lands in controversy, and when after such allegation it appears from the facts alleged that title is not in complainant, the bill is subject to a motion to dismiss. West Coast Lumber Co. v. Griffin, 54 Fla. 621, 45 So. 514; Martin v. Busch, 93 Fla. 535, 112 So. 274. Strictly speaking, the complainant has only alleged an equitable interest in this land (see Marvin v. Hampton, 18 Fla. 131), which is not sufficient to obtain the relief prayed for. We conclude that the lower court erred in denying the defendant's motion to dismiss the bill.

Reversed.

Whitfield, P. J., and Chapman, J., concur.

Buford, J., concurs in opinion and judgment.

Chief Justice Terrell and Justice Thomas not participating as authorized by Section 4687, Compiled General Laws of 1927, and Rule 21-A of the Rules of this Court.