**In the Matter of Sabria C. PORTON, Debtor.**

**Sabria PORTON, Plaintiff,**

**v.**

**John H. PECK, P. Ward Peck, III and Sue H. Peck, Defendants.**

**Bankruptcy No. 81–1126.**

United States Bankruptcy Court, M. D. Florida, Tampa Division.

Jan. 7, 1982.

Russell S. Bogue, III, Tampa, Fla., for John Peck.

G. Gary Moody, Gainesville, Fla., for P. Ward Peck and Sue H. Peck.

Jeffrey Warren, Tampa, Fla., for debtor/plaintiff.

## ORDER ON MOTION TO DISMISS

ALEXANDER L. PASKAY, Chief Judge.

THIS IS an adversary proceeding and the matter under consideration is a Motion to Dismiss Counts V, VI, VII and IX of the complaint filed by Sabria C. Porton, the Debtor who now seeks relief under Chapter 13 of the Bankruptcy Code. Although the complaint sounds in nine Counts, the Motion to Dismiss attacks only the above-mentioned Counts.

The claim set forth in Count V seeks to quiet the title in realty. The Motion to Dismiss this Count is based upon the ground that the Plaintiff has failed to allege sufficient facts to support her allegation of "equitable title" which is a prerequisite to maintaining a suit to quiet title. *Atlantic Beach Improvement Corporation v. Hall*, 143 Fla. 778, 197 So. 464 (1940); *Welch v. Point of Americas Condominium Apartments, Inc.*, 373 So.2d 60 (Fla. 4th DCA 1979). The claim set forth in this Court alleges that the Plaintiff has an equitable interest or title in the alternative. Accordingly, the Count sets forth a cognizable claim for which relief can be granted if it is ultimately established that the Plaintiff in fact has an equitable title to the land in question.

In Count VI, the Plaintiff seeks to set aside a transfer under § 548 of the Bankruptcy Code. The subject matter of the alleged transfer is the same real property to which the Plaintiff asserts a claim of equity ownership. Having concluded that Count V sets forth a claim for which relief can be granted, if established, it follows that the claim set forth in Count VI equally states a claim and, therefore, the Motion addressed to this Count is without merit.

The claim set forth in Count VII seeks a partition of the very same property. Construing the pleading as stated in this Count, most favorably to the Plaintiff, a Motion to Dismiss is without merit and cannot be sustained.

Count IX is not a claim against the Defendants P. Ward Peck, III and Sue H. Peck, but only seeking money judgment and accounting against the Defendant, John H. Peck based on a resulting constructive trust. It is clear that the complaint shall be dismissed with respect to the two defendants against whom no claim is asserted.

Accordingly, it is

ORDERED, ADJUDGED AND DECREED that the Motion to Dismiss Counts V, VI and VII be, and the same hereby is, denied. It is further

ORDERED, ADJUDGED AND DECREED that the Motion to Dismiss Count IX be, and the same hereby is, granted. It is further

ORDERED, ADJUDGED AND DECREED that the Defendants shall have 20 days from the date of entry of this Order within which to file an answer or other responsive pleading.