DAVIS, Judge.
Ragan Gantt and Sunshine Land Enterprises, L.C. (“Appellants”), seek our re *818 view of the trial court’s final judgment quieting title in favor of Riverbend Estates, Inc. (“Appellee”). The trial court’s final judgment included a finding that Appellants slandered Appellee’s title to certain real property. The trial court awarded Appellee nominal damages on the slander of title claim, and Appellee now cross appeals this nominal damages award. We reverse the entirety of the trial court’s final judgment.
In 1980, the trial court granted Appellee a nonexclusive access easement, as a statutory way of necessity, across real property owned by the South Florida Water Management District (“the District”). The District subsequently leased the same property to the City of La Belle (“the City”). The City then granted a nonexclusive easement over the same property to Appellants.
Appellee later filed a two-count complaint against Appellants. In the first count of the complaint, Appellee sought to quiet title against Appellants, essentially asking the trial court to declare the Appellants’ easement from the City invalid. Appellee argued that the City lacked authority to grant such an easement. Additionally, in the second count of its complaint, Appellee claimed that Appellants slandered its “title,” thereby causing Ap-pellee to suffer monetary damages. In response, Appellants averred that Appel-lee could not bring either count of its complaint because it did not hold “title” to the property in question. Appellants also argued that Appellee failed to prove any actual pecuniary loss to justify a damages award.. The trial court entered summary judgment in favor of Appellee on both counts, but awarded only nominal damages.
We initially recognize that an easement is not title to land, but rather an intangible right to make use of property belonging to another. See Sears, Roebuck & Co. v. Franchise Fin. Corp. of Am., 711 So.2d 1189, 1191 (Fla. 2d DCA 1998); Crigger v. Florida Power Corp., 436 So.2d 937, 941 (Fla. 5th DCA 1983). In the case at bar, Appellee holds a nonexclusive right to use the subject property, not title to the property. A court cannot use its equitable powers to quiet title to property unless a plaintiff first shows that he or she has title to that property. See Atlantic Beach Improvement Corp. v. Hall, 143 Fla. 778, 782, 197 So. 464, 466 (1940). Accordingly, the trial court erred in granting summary judgment on the quiet title count. Appel-lee did not use the proper vehicle to obtain the trial court’s determination whether the City lacked authority to grant an easement to Appellants.
Likewise, since Appellee owns nothing more than a nonexclusive easement to use the servient property, the trial court erred in finding that Appellants slandered Appel-lee’s “title.” Thus, the trial court erred in awarding even nominal damages to Appel-lee.
We reverse and remand with instructions to enter judgment in favor of Appellants.
NORTHCUTT, A.C.J., and GREEN, J., Concur.