L. L. HILL, *Appellant*, v. ANNIE L. DACOSTA *et al.,*
*Appellees.*

Opinion Filed April 15, 1913.

1. In proceedings to remove a cloud upon title to real estate,
the complainant must show with clearness, accuracy and cer-
tainty the validity of his own title, and the invalidity of the
title of the opposing parties.

2. Where no record or paper title, legal or equitable, is shown
and no title in complainant by adverse possession or otherwise
is made to appear, a bill for the removal of cloud from title
to real estate should be dismissed.

Appealed from the Circuit Court for Alachua County.

Decree affirmed.

*Hampton & Hampton*, for Appellant;

*Thomas W. Fielding*, for Appellees.

WHITFIELD, J.—The appellant filed a bill of complaint
against the appellees in which it is alleged that the appel-
lant "is the owner of the fee simple title in and to" lots
1, 2, 3, 4, 5, 6, 7, and 8 of Hills Addition to Gainesville,
in Alachua County, Florida; that appellant "has been in
the actual possession of the same; that he had a substan-
tial enclosure around this property, with other property,
this land being included within the enclosure, from about
the year 1886 to the year 1890; that sometime during the
year 1890 the fence around this property was burned and
your orator did not rebuild it, but has always, continuous-
ly to the present time, used the property for his own pur-
poses, offered the same for sale from time to time, had

same platted, opened streets through the land, has paid
taxes on it continuously since 1876, and it has been known
and recognized in the community as the property of your
orator during these years; that in the year 1906 your
orator employed A. J. DaCosta as a surveyor to survey
and subdivide the same into lots, and to make a map of
this and other property adjoining the same, and the said
A. J. DaCosta, one of the defendants herein, did survey
the same, did make a map of the same, being the map
hereinbefore referred to, and recorded as aforesaid, upon
the records of Alachua County, Florida, in Plat Book 'A,'
page 71, and attached as aforesaid to this bill, as Exhibit
'A' said map made as aforesaid by the said A. J. DaCosta
in the month of August, 1906, the lands herein described,
being embraced in the lands platted in and by said map;
that the lands embraced herein, are described upon said
map made by the said A. J. DaCosta, as Lots One, Two,
Three, Four, Five, Six, Seven and Eight (1, 2, 3, 4, 5, 6, 7,
& 8) as aforesaid;" that defendants claim under a quit-
claim deed made to the defendant wife by named persons
who are alleged to have no right, title or interest in the
property. The prayer is for a cancellation of the deed to
appellee as a cloud on the appellant's title, and for other
appropriate relief.

By answer the defendants denied the complainant's title
and asserted title in the defendant Annie L. DaCosta.
Testimony was taken and the cause was set for final hear-
ing. An amended and supplemental bill was filed by
leave of court, but no response thereto was made when
the court dismissed the original and the amended and
supplemental bills on final hearing. The amended and
supplemental bill presents no material matters not cov-
ered by the original bill and by the testimony. It does
not appear that other testimony could have been pro-

duced, and as on the evidence a decree dismissing the bills was the only disposition that could properly be made of the cause, there was no material error in dismissing the bills without any formal response thereto having been made.

In proceedings to remove a cloud upon title to real estate, the complainant must show with clearness, accuracy and certainty the validity of his own title, and the invalidity of the title of the opposing parties. Jarrell v. McRainey, 65 Fla.     , 61 South. Rep. 240; Houston v. McKenney, 54 Fla. 600, 45 South. Rep. 480; Levy v. Ladd, 35 Fla. 391, 17 South. Rep. 635.

It appears that in 1876, the appellant received a conveyance from a court commissioner of a tract of land "containing twenty-two and one-half acres more or less" that had belonged to the estate of a deceased person; and the next month the appellant made four deeds of conveyance practically covering all of the same lands. In 1878 the lands that had belonged to the estate of the deceased person were platted and a subdivision thereof as recorded is marked "Hill. 28.8 a. Deed calls for 22½ a. more or less." The description of this plat makes one line 35.52 chains while the conveyance to the appellant makes his line 31.52 chains. It is apparent that as to the appellant the plat does not convey title to or create color of title in additional land. There is no showing that the appellant had such adverse possession of the land as is required by the statute to perfect a title by adverse possession without color of title. It does not appear that the heirs of the deceased person through whom the appellant claims, ever put the appellant into possession of the lands in controversy or in anywise made such acknowledgment or recognition of title in appellant as to estop them or the appel-

lees who claim under the heirs of the decedent. See Harris v. Butler, 52 Fla. 253. The appellant testified that his "only claim or paper title" was the deed he received from the court commissioner in 1876, covering 22½ acres more or less.

As the appellant has shown no legal or equitable title in himself from which a cloud may be removed, no right to the relief prayed for appears.

The decree is affirmed.

SHACKLEFORD, C. J., AND TAYLOR, COCKRELL AND HOCKER, J. J., concur.