LIZZIE R. JOHNSON, CARY JOHNSON AND DOROTHY JOHNSON, INFANT, JOSEPHINE JOHNSON, INFANT, BY THEIR NEXT FRIEND, LIZZIE B. JOHNSON, *Appellants*, v. SMILEY A. BAKER AND JOSEPH H. BURKE, *Appellees.*

## Opinion Filed January 15, 1917.

1. Section 1950 of the General Statutes of Florida, 1906, providing for the removal of clouds from the title to real estate by bills in equity was intended to enlarge the jurisdiction of Courts of Chancery.

2. When from the language used in several paragraphs of a bill it appears that the complainant is in the exclusive possession of the lands from the title to which the cloud is sought to be removed, the bill will on demurrer be deemed to be sufficient so far as the allegation of possession by the complainant is concerned.

3. The court will not take judicial knowledge that Joseph H. *Drake* and Joseph H. *Burke* are one and the same person.

4. A bill in equity to remove a cloud from complainant's title to lands, which by its allegations shows that the deed constituting the cloud rests upon no right, title or interest in the lands possessed by the grantor in such deed, is not demurrable for that reason alone.

Appeal from Circuit Court for Volusia County; Jas. W. Perkins, Judge.

Order reversed.

*Stewart & Stewart,* for Appellants;

*Landis, Fish & Hull,* for Appellees.

ELLIS, J.—The appellants, who were complainants below, exhibited their bill in chancery against Smiley A. Baker and Joseph H. Burke, in the Circuit Court for Volusia County, to quiet the title to certain lands located in that county and described in the bill, and alleged to be owned by the complainants and in their possession.

The bill attacks the validity of a tax deed which was based upon the sale of June, 1899, for taxes due for the year 1898. It is alleged that the State of Florida became the purchaser and that the certificate which was numbered 22 was assigned by the clerk of the court in April, 1902, to one Joseph H. *Drake;* that a deed based upon that certificate was made to Joseph H. Drake and duly recorded. That Joseph H. Burke by deed dated May 8 1902, conveyed the land to the Atlantic Lumber Company and that corporation on October 25th, 1904, quitclaimed to Smiley A. Baker.

The complainants acquired the title, so it is alleged, as the heirs of Jack W. Johnson, who obtained title by mesne conveyances from the Jacksonville, Tampa and Key West Railroad Company who acquired it from the State of Florida through the Trustees of the Internal Improvement Fund.

It is alleged that the assessment roll of Volusia County for the year 1898 did not have attached thereto the assessor's warrant under seal. The warrant was attached to the roll, but was not under seal; that a State tax of 4¾ mills was levied against the property although the Act of 1897, Chapter 4516, entitled "An Act to Provide for the Levy of Taxes for the Year 1897 and 1898" only authorized a levy of 4½ mills; that the county tax levied for the General Revenue and the Fine and Forfeiture Funds exceeded by one mill the millage authorized by the said statute for the two funds; that the assessment rolls of

1898 did not have the affidavit of the Assessor attached thereto, to the effect that the assessment roll contains a true statement and description of all persons and property in the county subject to taxation, etc; that the notice of tax sale which was published was not in the form prescribed in that the description of lands preceded the name of the owner; that the notice was not published once a week for five weeks, or thirty-five days, prior to the sale, but was published once in each week for five weeks; that no affidavit was filed by the publisher of the newspaper that he had forwarded to the clerk weekly a copy of the newspaper containing the publication of the notice, and that neither Burke, The Atlantic Lumber Company nor Baker ever had possession of the property, and that the tax deed to Drake, the deed from Burke to The Atlantic Lumber Company and its deed to Smiley are void and constitute a cloud upon complainant's title. The bill prays that complainants be declared to be the owners of the land in fee simple, that complainants' title be quieted and that the defendants' claim to the land be decreed to be void and that the defendants be permanently enjoined from asserting any right or title to the lands and be restrained from prosecuting any suit in chancery or at law to obtain possession of the lands or from asserting any title thereto, and for general relief.

The defendants demurred to the bill upon the grounds for want of equity; that the allegation of possession by the complainants was inconsistent with the allegation that the land was vacant and unoccupied; that it does not contain a sufficient offer to do equity by complainants; that the allegations as to the invalidity of the tax deed are insufficient, and that the allegation that complainants are in possession of the land is sufficient and there is no alle-

gation that the land is wild and unoccupied.  This demurrer was sustained, and from that order the complainants appealed.

Section 1950 of the General Statutes of Florida, 1906, Florida Compiled Laws, 1914, provides that a bill in equity may be brought and prosecuted to a final decree by any person or corporation whether in actual possession or not, claiming title legal or equitable to real estate against any person or corporation not in actual possession who claims an adverse estate or interest, legal or equitable, therein, for the purpose of determining such estate or interest and quieting or removing clouds from the title to such real estate.  The section also provides that it shall be no bar to the relief sought that the adverse claim, estate or interest against which the bill is brought is void upon its face, or though not void on its face, requires evidence extrinsic of itself to establish its validity.

Courts of Equity may entertain a bill of *quia timet* for the purpose of preventing a possible future injury and thereby quieting men's minds and estates.  3 Blackstone's Com. 331; 2 Story's Ed. Jur. §826, referred to and quoted in Griffin v. Orman, 9 Fla. 22.  See 32 Cyc. 1305.  It has also been held that to entitle complainant to the relief he must establish his title as against the claim of defendants, and if he fails to show documentary title or adverse possession he is not entitled to relief, nor will he obtain the relief when his title is doubtful. See Stewart v. Stewart, 19 Fla. 846; Baltzell v. McKinnon, 57 Fla. 355, 49 South. Rep. 546; Hill v. DaCosta, 65 Fla. 371, 61 South. Rep. 750; Morgan v. Dunwoody, 66 Fla. 522, 63 South. Rep. 905; Levy v. Ladd, 35 Fla. 391, 17 South. Rep. 635; Peninsular Naval Stores Co. v. Cox, 57 Fla. 505, 49 South. Rep. 191.

In the case of Reyes v. Middleton, 36 Fla. 99, 17 South. Rep. 937, it was held that a deed void upon its face, and that cannot sustain an action in the absence of rebutting proof cannot be said to be such a cloud upon a title as will authorize the interposition of equity for its removal.    That case was cited by the court in Hughey v. Winborne, 44 Fla. 601, 33 South. Rep. 249, decided at the June Term, 1902.    Chapter 4739 Laws of Florida, 1899, which constitutes Section 1950 of the General Statutes was intended to enlarge the jurisdiction of the courts of chancery.    See Briles v. Bradford, 54 Fla. 501, 44 South. Rep. 937; Simmons v. Carlton, 44 Fla. 719, 33 South. Rep. 408.

The allegations of the bill are sufficient as to complainants' ownership and possession of the land. In paragraph two of the bill it is alleged that the complainants "are the owners in fee simple and in possession of the lot, tract or parcel of land," etc.    In the fourth paragraph it is alleged that the "said tract of land is open, *unin-closed* timber land and has been since August 19, 1886, and prior thereto, and vacant and unoccupied, *except* by your orators and their predecessors in title."    In other portions of the bill complainants' title is deraigned from the United States government.    We think that the allegations of paragraphs two and four when taken together convey the idea that complainants are in the exclusive possession of the lands, that is to say: It is vacant and unoccupied except by them, who are the owners and in possession thereof.

It is alleged in the bill that the tax certificate was assigned by the Clerk to Joseph H. *Drake* in April 1902, and that the tax deed covering the land was made to Joseph H. *Drake*.    This allegation of fact is admitted by

the demurrer. While it is true that the affidavit of the publication of the notice of application for the tax deed, which is attached to the bill as Exhibit"B" and made a part of the bill recited that Joseph H. Burke was the purchaser of the certificate, there is nothing in the bill contradictory of the allegation that the deed was made to *Drake*. We cannot assume that the allegation of the bill that the certificate was assigned and the deed made to *Drake,* was a clerical error, and that the name *Drake* should be read *Burke*. So far as this court is informed to the contrary from the record Joseph H. Drake and Joseph H. Burke are two persons. If that be true, and the demurrer admits it to be so, the bill shows that when Joseph H. Burke executed the deed to the Atlantic Lumber Company purporting to convey the lands in dispute, he was wholly without any right, title, interest or claim in the lands, and of course conveyed none to The Atlantic Lumber Company, which also conveyed nothing to Smiley A. Baker by its quit claim. According to the bill the claim of Baker rests upon the interest or right which Burke had when he executed the deed to The Atlantic Lumber Company. But from the allegations of the bill admitted by the demurrer, Burke was without any right, title, interest or claim of any nature or character whatsoever to the lands. We cannot say that his rights began with the tax certificate in the face of the admission of the demurrer to the contrary.

The allegations of the bill require an answer, and the demurrer should have been overruled. The order sustaining the demurrer is, therefore, reversed.

BROWNE, C. J., TAYLOR, SHACKLEFORD and WHITFIELD JJ., concur.