THE AMERICAN TRUST COMPANY *et al., Appellants,* v J. M. FENNELL, *Appellee.*

Opinion Filed December 8, 1919.

1. In proceedings to remove a cloud upon title, the complainant must in his bill allege with clearness and accuracy the validity of his own title. If he does so in general terms it may be a sufficient allegation; but if he supplements such general allegations with specific ones by which he undertakes to deraign his title through mesne conveyances and fails by such specific allegations to show with clearness, accuracy and certainty the validity of his title, the showing made as to title will be deemed to be insufficient.

2. When a deed conveying lands purports to have been executed by an officer of court under a decree and it is sought to use the deed in evidence as title to the lands, the power or authority to make the deed must be shown unless waived.

3. There can be no waiver by a guardian *ad litem* in a cause of a minor's interests which are secured by statute or rule of court.

4. Where an appeal is taken by one party in a cause and notice is served upon others against whom the decree is entered but who did not actually join in the appeal, such notice if served by the sheriff of the county will be regarded as equivalent to a summons from this court upon which an order of severance may be made.

An Appeal from the Circuit Court for Alachua County; J. T. Wills, Judge.

Decree reversed.

*Cooper, Cooper & Osborne,* for Appellants;

*Thos. W. Fielding,* for Appellee.

ELLIS, J.—The appellee brought suit to remove a cloud from the title to certain lands in Alachua County. The defendants named were Laura, Clara and Royal George Markillie, The American Trust Company as administrator of the estate of G. F. Markillie and C. W. Stephens. The bill alleged that the complainant was in the actual possession of the land claiming title under a tax deed issued to E. C. Howell in 1915, who conveyed to Oliver B. Howell in May, 1916, and a special master's deed to the complainant in September, 1916. The land described was the Northeast quarter of Section 11, T. 7 S., R. 18 E.

In August, 1911, it is alleged John R. Howell owned the land and Oliver Howell owned some lands in the Northwest quarter of the same section and in the Southwest quarter of Section Two in the same Township and

Range; that John Howell owed Thomas Fielding two hundred dollars, and John and Oliver gave a mortgage on their lands to Fielding as security for the payment of the debt—John and Oliver joining in the execution of one mortgage. In October, 1911, Oliver paid the debt, and Fielding entered a satisfaction of the mortgage as to the lands of Oliver and assigned the mortgage to Oliver in so far as it was a lien upon the lands of John. Oliver had no interest in the debt to Fielding by John and became a kind of accommodation endorser for him. In April, 1913, Oliver assigned the mortgage to C. W. Stephens, who assigned it to G. F. Markillie. It appears from the dates set out in the bill that Stephens assigned the mortgage to Markillie before Oliver Howell assigned to Stephens, but this we presume was a clerical error.

It is alleged that in January, 1912, John R. Howell mortgaged to G. F. Markillie the land in the Northeast quarter of Section 11, which was the land owned by John; that the mortgage was in the form of an absolute deed; that in March, 1910, John Howell mortgaged the same lands to C. W. Stephens; that G. F. Markillie died in March, 1916; that Laura is his widow and Clara and George his only children, and they are minors.

The prayer is that the mortgages and assignments be declared to be invalid and that they be cancelled and set aside as a cloud upon the complainant's title.

Decrees *pro confesso* were entered against Laura Markillie and C. W. Stephens for failure to plead, answer or demur to the amended bill. Royal George Markillie by his guardian demurred to the bill. The American Trust Company also demurred to the bill. Clara Markillie, by her guardian, answered the bill, and before the demurrers were ruled upon, Royal George Markillie by

his guardian, and The American Trust Company answered the bill, but by leave of the court these latter two answers were withdrawn, because they were filed before the demurrers to the bill were disposed of. Afterwards the demurrers were overruled and the defendants allowed until the Rule Day in July to answer. No answer being filed, solicitor for complainant, on July 1st, 1918, the day upon which the answers to the bill were due, filed his request in writing for an order *pro confesso* against The American Trust Company as administrator and the order was entered by the Clerk in the Chancery Order Book. There was no such order taken against the guardian of George.

On July 8, 1918, on motion of the complainant's solicitor an examiner was appointed to take testimony and report the same, and on the 16th day of July, 1918, complainant set the cause down for final hearing on the amended bill, answer of the guardian for Clara Markillie, the decrees *pro confesso* against Laura Markillie and The American Trust Company as administrator and upon the testimony taken and reported by the examiner. On July 17th the court rendered its final decree. It is recited therein that the bill was dismissed without prejudice to Royal George Markillie and that the hearing came on upon the amended bill, answer of Clara by her guardian, the decree *pro confesso* against Laura, C. W. Stephens and The American Trust Company and the testimony taken and reported by the examiner. It was held that the equities of the case were with the complainant and that he was entitled to the relief prayed for. It was decreed that the complainant was the owner of the fee simple title to the Northeast quarter of Section 11 in the township and range mentioned; that the mortgage from

John and Oliver Howell to Fielding, his assignment to Oliver Howell, and the latter's assignment to C. W. Stephens and his assignment to G. F. Markillie, also the mortgage from John Howell to C. W. Stephens were a cloud upon the complainant's title and were cancelled; that the deed from John Howell to G. F. Markillie was a mortgage and given as security for a lease to Howell from Markillie, and constitutes a cloud upon complainant's title and was cancelled. It was also decreed that the defendants, Laura and Clara Markillie, C. W. Stephens and The American Trust Company, as administrator of the estate of G. F. Markillie be enjoined and restrained from asserting title to the land or any interest in it.    From this decree Laura Markillie, Clara Markillie, Royal George Markillie, The American Trust Company, C. W. Stephens and the guardians for the minor children, Clara and Royal George Markillie, appealed.

Notice of this appeal was served upon Laura, Clara and George Markillie and the guardians for the minors, and upon C. W. Stephens by The American Trust Company who prosecutes this appeal.

There are sixteen assignments of error and all are argued except the sixth, which is abandoned.

The first attack made upon the decree is that the demurrer of The American Trust Company to the amended bill of complaint should not have been overruled.   The demurrer attacked the bill because, first, there were no facts alleged to show that the complainant was in the actual possession of the land; second, there were no facts alleged to show the nature, extent or duration of complainant's possession; third, the facts alleged do not suffi ciently show that complainant was the owner of the land or vested with title to it, and, fourth, the facts alleged

show that the complainant is not the owner of the land, nor vested with such title or interest as to entitle him to maintain the suit. This objection to the bill was good and should 'have been sustained upon the third ground of the demurrer. It is definitely alleged that in August, 1911, the land was owned by John R. Howell; that complainant claims title through a tax deed to E. C. Howell in 1915, who conveyed by deed to Oliver Howell in 1916, and a special master's deed to Fennell in September, 1916. What is the connection between the tax deed to E. C. Howell in 1915, and John Howell's title in 1911? Was the deed of 1915 based upon a tax certificate issued against the property of John Howell? The evidence showed that the deed was based upon a certificate of sale made in August, 1911, for the taxes of 1910, and that the property was assessed as that of W. S. Howell. So neither the allegation nor proof shows with clearness, accuracy and certainty the validity of the complainant's title, even if the chain was assumed to be complete for them to complainant. See Jarrell v. McRainey, 65 Fla. 141, 61 South. Rep. 240; Gasque v. Ball, 65 Fla. 383, 62 South. Rep. 215; Hill v. Da Costa, 65 Fla. 371, 61 South. Rep. 750; Morgan v. Dunwoody, 66 Fla. 522, 63 South. Rep. 905.

So far from being a clear statement showing the complainant's title to the land, it is equivocal, ambiguous, doubtful and is in no degree aided by the later statement purporting to show title through a special master's deed to J. M. Fennell made in September, 1916. The deed itself recited that it was issued pursuant to a sale made by order of court in a cause pending between J. M. Fennell and O. B. Howell; so both the allegation and proof leave the claim of the complainant doubtful as to his alleged title to the land which alone is sufficient to defeat his

prayer for relief. See Johnson v. Baker, 73 Fla. 6, 74 South. Rep. 210. The allegation of possession by the complainant is sufficient. See Johnson v. Baker, *supra*.

It is quite true, as appellee claims, that it is improper to plead evidence and that one is required to state only ultimate facts, but such facts as are required to be stated in a pleading should, being true, leave no doubt as to the pleader's claim. It may be perfectly true that a tax deed was issued to E. C. Howell in 1915, but it may have been based upon a certificate of sale for taxes in 1910 against W. S. Howell when John Howell or some other person was the owner. It may also be true that a special master's deed was executed and delivered to complainant in September, 1916, purporting to convey the land, but that may have been, so far as the bill shows, in a cause between persons having no connection with the history of this case. In a suit to remove a cloud from the title to land the complainant must show by appropriate allegations of fact clearly the validity of his own title. This principle has controlled this Court in cases like this since the case of Sanford v. Cloud, 17 Fla. 557. See also Morgan v. Dunwoody, 66 Fla. 522. If John Howell was the owner in 1911 of the land in question, how was he divested of title by the tax deed of 1915, based upon the certificate of sale for the taxes of 1910, unless some other person owned it in 1910 whose duty it was to pay the tax. It would not be pleading evidence to allege the fact of ownership and possession by W. S. Howell in 1910, the issuing of the tax certificate against him for the taxes of that year, the issuing of the tax deed thereon and the conveyance to O. B. Howell, the mortgage by him to Fennell, the foreclosure of the mortgage and sale of the land to Fennell and the issuing of the master's deed to him.

Even if the allegations of the bill were sufficient, the evidence is not complete in that the decree upon which the master's deed rested and possession of the land by the person against whom the judgment or decree was rendered were not shown. Winn v. Coggins, 53 Fla. 327, 42 South. Rep. 897; Simmons v. Spratt, 20 Fla. 495.

As to The American Trust Company, this point may have been waived because of the order *pro confesso* against it, but as to the two minor children, one of whom answered and required strict proof, we are of the opinion that there could be no waiver.

The appeal in this case was properly taken, sufficient notice was served upon those who did not actually join in the appeal, and under the practice prevailing such notice served, as the record shows, by the Sheriff of Alachua County, will be regarded as equivalent to a summons from this Court, upon which an order of severance may be made —which is hereby done, authorizing the appeal to be prosecuted by The American Trust Company as administrator, and Royal George Markillie, a minor, and Robert Engstrom as guardian.

It is unnecessary to discuss other assignments, although it may not be improper to express our view upon some points presented which may be of value upon another hearing. John R. Howell, the mortgagor in the instrument sought to be cancelled, is a proper party, although we do not regard him as a necessary party. The decree should not have been rendered in view of the interests of minors until the full time for taking testimony had elapsed. Royal George Markillie was a necessary party. The bill could not be dismissed as to him and retained as to the others.

The guardian *ad litem* of an infant has no power to

bind his ward by admissions or waivers. See Mote v. Morton, 52 Fla. 548, 41 South. Rep. 607.

The decree is reversed.

BROWNE, C. J., AND TAYLOR, WHITFIELD AND WEST, J. J., concur.