J. I. TRIPLETT, JR., THE BERBOY CORPORATION, PRUDEN-TIAL MORTGAGE COMPANY, TURPENTINE & ROSIN FACTORS, INC., and B. F. CARTER v. HERBERT TROTTER, as Executor of the Estate of J. I. Triplett, deceased.

184 So. 250.
Opinion Filed October 31, 1938.

*Fred M. Burns* and *H. L. Anderson,* for Appellants;

*Fleming, Hamilton, Diver & Jones* and *J. M. Bryant,* for Appellee.

WHITFIELD, P. J.—The amended bill of complaint herein is for the cancellation of a deed of conveyance, a mortgage

on the lands, a turpentine lease, and an assignment of the lease.

Plaintiff is the Virginia executor of the estate of J. I. Triplett, deceased, of the State of Virgina. Defendant, Prudential Mortgage Company, a Florida corporation, is the alleged owner of the lands in controversy. Other defendants are parties to protect their interests. From two interlocutory orders denying motions to strike portions of the bill and to dismiss the bill, an appeal was taken in the name of all the defendants, viz.:

"J. I. Triplett, Jr.; The Berboy Corporation, a corporation; Prudential Mortgage Company, a corporation; Turpentine & Rosin Factors, Inc., a corporation, and B. F. Carter."

The entry of appeal was duly recorded in the Chancery Order Book, under Section 4964 (3172) C. G. L.

There was summons and severance as to the defendant appellants, Prudential Mortgage Company and J. I. Triplett, Jr., on motion of counsel.

The executor appellee now moves to dismiss the appeal on the ground that the Prudential Mortgage Company, the owner of the land, "is not before this court." The motion must be denied.

When in a chancery cause some or all of the defendants are adversely affected by an appealable order or decree, one or more of such defendants so adversely affected may take an appeal from such order or decree in the names of all the defendants, thereby making all other parties to the cause appellees in the appeal; and if such entry of appeal is duly filed with the clerk of the Circuit Court, it gives the appellate court jurisdiction of the cause; if such entry of appeal is duly recorded in the Chancery Order Book, it gives the appellate court jurisdiction of all the parties as appellants and appellees; and if some of the appellants do not desire to take part in the appellate proceedings, they may be dropped

as parties appellant by summons and severance or other equivalent proceedings, and the appellate court may proceed to an adjudication of the appeal, which adjudication will be binding on all the parties to the entry of appeal, whether they have been or have not been dropped by severance or otherwise. And even if a party so severed from the appellate proceedings is a necessary party in the cause, he was duly made a party, and the appeal will not be dismissed because he or it, not desiring to take part in the appellate proceedings, was severed therefrom, but nevertheless being bound by the adjudication of the appeal whether he continued as a named appellant or not.

Where summons and severance or other equivalent proceedings are had as to some of those who are properly made appellants in a duly recorded entry of appeal, but who do not desire to participate in the appellate proceedings, such parties appellant so severed from the entry of appeal are as much bound by the adjudication made on the appeal as they would be if not so severed, they having been duly made parties appellant, and were severed willingly. See Am. Trust Co. v. Fennell, 78 Fla. 535, 83 So. 938. See McJunkins v. Stevens, 88 Fla. 559, 102 So. 756.

The motion to dismiss the appeal is denied.

ELLIS, C. J., and TERRELL, BROWN, BUFORD and CHAPMAN, J. J., concur.