985 So.2d 53 (2008)
Pamela A. BARCLAY, Appellant,
v.
ROBERT C. MALT & CO., INC., Appellee.
No. 4D07-3104.
District Court of Appeal of Florida, Fourth District.
June 18, 2008.
Rehearing Denied July 24, 2008.
Larry E. Bray of Law Offices of Larry E. Bray, P.A., Lake Worth, for appellant.
Richard S. Tolbert, West Palm Beach, for appellee.
MAY, J.
To quiet title or not to quiet title: that was the question posed to the trial court. The trial court granted the lender's motion for summary judgment on his claim to quiet title as to the legal title holders of the property. We reverse.
The material facts are undisputed. The lender conveyed the property to the borrower by special warranty deed in 1989. In return, the borrower executed a first and second mortgage in favor of the lender. The borrower abandoned the property and failed to make any mortgage, property tax, or homeowner's association payments after 1994.
With the borrower's knowledge, the lender took possession of the property. Since then, the lender made all past-due payments and leased the property to tenants. However, the lender did not seek to foreclose or obtain a deed in lieu of foreclosure.
In 2005, the lender filed a complaint alleging a claim for adverse possession of the property. The borrower moved for summary judgment, and argued that the lender had failed to establish a requisite element of a claim for adverse possession: the filing of a return of the property to the Property Appraiser's office within one year after entering possession of the property.
The lender amended the complaint to state a claim to quiet title to the property based upon the borrower's surrender of the property. The lender argued that the newly amended complaint mooted the borrower's pending motion for summary judgment. Both parties filed cross-motions for summary judgment on the new claim to quiet title.
After a final hearing on the motions, the trial court entered summary judgment in favor of the lender. The court held that because of the lender's long-term possession of the property, coupled with the borrower's abandonment of the property, it would be unconscionable not to quiet title in the lender's name.
By force of logic, statute, and case law, however, a party must have title to a property to bring an action to quiet title. With no title, there is nothing to be quieted. Hill v. Da Costa, 65 Fla. 371, 61 So. 750, 751 (1913). See also Atl. Beach Improvement Corp. v. Hall, 143 Fla. 778, 197 *55 So. 464, 466-67 (1940). This court has recognized that a "mortgage is only a lien" that "transfers no title, right of possession, or interest in land," and "a mortgagee has no right to maintain a suit to remove or prevent a cloud on title." Martyn v. First Fed. Sav. & Loan Ass'n of W. Palm Beach, 257 So.2d 576, 577-78 (Fla.Dist.Ct. App. 4th DCA 1971).
For this reason, we reverse the summary judgment quieting title to the property and remand the case for proceedings consistent with this opinion.
Reversed and Remanded.
STEVENSON and GROSS, JJ., concur.