DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**ROSALYN D. MARVIN,**
Appellant,

v.

**CARL JONES,**
Appellee.

No. 4D2025-0414

[March 25, 2026]

Appeal from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; David Alan Haimes, Judge; L.T. Case No. CACE23-020163.

Mark Francis Booth of Rogers, Morris & Ziegler LLP, Fort Lauderdale, for appellant.

Ron Renzy of Sunshine Appeals, P.A., Coral Springs, for appellee.

SHAW, J.

The dispute in this case arose after Appellant Rosalyn D. Marvin ("Marvin") conveyed real property to her nephew, Appellee Carl Jones ("Jones"), through a quitclaim deed. Marvin continued living on the property and sent monthly checks to Jones. However, over four years later, Jones filed an eviction action in county court. The parties settled the eviction action, and the case was dismissed. The parties' stipulation settling the case included one line (the "General Release"): "Each party does hereby release the other by a General Release as if set out herein in full."

Four months after the eviction action was dismissed, Marvin filed a complaint in circuit court seeking declaratory relief, imposition of a constructive trust, quiet title, and damages. The complaint alleged that Marvin had conveyed the property to Jones based on Jones's fraudulent misrepresentation that Jones would give her a $55,000 loan to satisfy her mortgage if she then transferred the property to him as security for the

1

loan.[1]  Upon Marvin's repayment of the loan, Jones would convey the property back to Marvin.  Marvin repaid the loan and requested Jones transfer the property to her, but Jones refused to do so.  Jones disputed these allegations and asserted various affirmative defenses.

Jones moved for summary judgment.  Ultimately, the circuit court granted summary judgment in Jones' favor, finding that the General Release from the eviction action barred Marvin's claims against Jones in the circuit court.

This appeal followed.  For the reasons discussed more fully below, we affirm in part, reverse in part, and remand to the circuit court for further proceedings.

## I.     STANDARD OF REVIEW

We review orders granting summary judgment de novo.  *Serrano v. Dickinson*, 363 So. 3d 162, 165 (Fla. 4th DCA 2023).

## II.    DISCUSSION

We divide our discussion into two parts.  First, we discuss why genuine issues of material fact remain regarding the General Release.  Second, we explain that summary judgment nevertheless is appropriate regarding Marvin's quiet title claim (Count 2) because Marvin cannot establish an essential element of that claim.

"The [summary judgment] standard requires us to determine whether 'the evidence is such that a reasonable jury could return a verdict for the nonmoving party.'"  *Black v. Cable News Network, Inc.*, 423 So. 3d 2, 7 (Fla. 4th DCA 2025) (quoting *In re Amends. to Fla. Rule of Civ. Proc. 1.510*, 317 So. 3d 72, 75 (Fla. 2021)).  In a summary judgment proceeding, "the inferences to be drawn from the underlying facts … must be viewed in the light most favorable to the party opposing the motion."  *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (quoting *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962)).

### A. The General Release

"[W]hen the terms of a written instrument are disputed and rationally susceptible to more than one construction, an issue of fact is presented

---

[1] At the time, Marvin was facing foreclosure on the property by the owner and holder of the mortgage deed.

which cannot properly be resolved by summary judgment." *Soncoast Cmty. Church of Boca Raton, Inc. v. Travis Boating Ctr. of Fla., Inc.*, 981 So. 2d 654, 655 (Fla. 4th DCA 2008) (quoting *Chhabra v. Morales,* 906 So. 2d 1261, 1262 (Fla. 4th DCA 2005)).

Here, the eighteen-word General Release was ambiguous and not sufficiently clear. Unlike the general releases discussed in the cases relied upon by Jones, the General Release here failed to clearly define which claims would be barred under the release, nor did it include a temporal limitation on any subsequent claims. The stipulation confined the General Release to one eighteen-word sentence and did not include any kind of separate exhibit containing additional or clarifying information on the scope of the release. *See Bd. of Trs. of Fla. Atl. Univ. v. Bowman*, 853 So. 2d 507, 508–09 (Fla. 4th DCA 2003) (discussing a general release that was sufficiently clear and unambiguous). The stipulation appears to reference a specific "General Release," but no such "General Release" was attached. Ultimately, the eighteen words in the stipulation in the eviction action are not sufficiently clear to constitute a release of all claims of ownership over the property, including equitable ownership by constructive trust or fraudulent misrepresentation/inducement claims.[2]

Therefore, viewing the underlying facts in the light most favorable to Marvin, we hold that genuine issues of material fact exist which preclude Jones from judgment as a matter of law. *See McKee v. Crestline Hotels & Resorts, LLC*, 376 So. 3d 758, 762–63 (Fla. 4th DCA 2024). The circuit court erred in granting summary judgment on the basis of the General Release.

### B. Claim of Quiet Title (Count 2)

"To prevail on a quiet title action, the plaintiff must show (1) it has legal title to the property and (2) another entity has an invalid claim to the title that (3) is a cloud on the plaintiff's title." *U.S. Bancorp v. Taharra Assets 5545, Inc.*, 378 So. 3d 630, 633 (Fla. 4th DCA 2024) (citations omitted). "By force of logic, statute, and case law, however, a party must have title to a property to bring an action to quiet title. With no title, there is nothing to be quieted." *Barclay v. Robert C. Malt & Co.*, 985 So. 2d 53, 54 (Fla. 4th DCA 2008) (citation omitted).

---

[2] A county court does not have subject matter jurisdiction over title to real property, so the county court approving the settlement in the eviction action could not have made any determination as to the ownership of the property. *See* § 26.012(2)(g), Fla. Stat. (2021).

Under the tipsy coachman doctrine, an appellate court may affirm a trial court's decision that was correct in result, but based on the wrong reason, if record evidence of any theory or principle of law would support the order. *See Robertson v. State*, 829 So. 2d 901, 906 (Fla. 2002). Here, the circuit court erroneously concluded Jones was entitled to final summary judgment on the quiet title claim because of the General Release. However, during the pendency of the circuit court action, Marvin provided no evidence that she held title to the property, a required element of a quiet title claim. *See Barclay*, 985 So. 2d at 54; *see also U.S. Bancorp*, 378 So. 3d at 633. It was undisputed that Marvin executed a quitclaim deed to Jones, and the property was never deeded back to her. Accordingly, summary judgment is proper as to the quiet title claim (Count 2) because no genuine issue of material fact exists, and Jones is entitled to judgment as a matter of law. *See McKee*, 376 So. 3d at 762–63.

## III.  CONCLUSION

The circuit court erred in granting summary judgment after concluding the General Release barred Marvin's claims. However, summary judgment was proper on the claim for quiet title (Count 2) because it was undisputed that Marvin did not hold legal title to the property. Therefore, we reverse summary judgment on declaratory relief (Count 1), constructive trust (Count 3), and damages (Count 4), affirm summary judgment on quiet title (Count 2), and remand for further proceedings consistent with this opinion.

*Affirmed in part, reversed in part, and remanded for further proceedings.*

LEVINE and CONNER, JJ., concur.

*       *       *

***Not final until disposition of timely-filed motion for rehearing.***