MACEO HICKS v. STATE, *ex rel.* CARY D. LANDIS, as Attorney General, *et al.*

156 So. 603 .

Opinion Filed September 25, 1934.

604

*Zach H. Douglas* and *Francis B. Bull,* for Plaintiff in Error;

*Cyrus H. Smithdeal,* for Defendants in Error.

DAVIS, C. J.—Judgment of ouster in *quo warranto* proceeding was entered in favor of the State. Respondent has appealed, assigning as error the judgment of the court overruling the special defense asserted by his answer and adjudging that he be ousted from that certain portion of the bed of Lake Santa Fe in Alachua County, described as follows: an area of approximately 25 by 75 feet, at a point where the public road along the south boundary of Sections 20-21, township 8 South, range 22 east, connects with and abuts upon the highwater mark of said Lake Santa Fe and required to remove from said land two boat houses and a wharf that he had erected and was maintaining thereon.

Plaintiff in error's answer or plea to the writ was to the effect that the Internal Improvement Fund Trustees are the legal holders of the title to the bed of Lake Santa Fe in trust for the people of the state by virtue of its sovereignty; that as said Trustees of the Internal Improvement Fund they granted to the Bond Trustees of Road & Bridge District No. 1, Alachua County, by proper resolution, the right to occupy, use and improve for public purposes the strip of land in controversy which is an extension of a public road leading to the edge of Lake Santa Fe; that said highway reaches the lake at the point where respondent has erected improvements of the character authorized by the permit so as to provide access to the lake; and that he, the respondent, was using the lands in question, together with the public, under authority of a permit granted therefor by the Trustees of the Internal Improvement Fund. A copy of the permit granted by the Trustees of the Internal Improvement Fund, in the form of a resolution adopted by

them, was attached to respondent's amended answer last interposed to the writ of *quo warranto*.

It appears from the said resolution that it was the intention of the Trustees of the Internal Improvement Fund to grant a special and limited use permit to the Bond Trustees of Road & Bridge District No. 1 of Alachua County, to run only so long as the premises should be used and maintained for the purposes of public convenience specified in the instrument, or until revoked for cause by the Trustees of the Internal Improvement Fund. It was therein expressly provided that the privileges thereby conferred on the Bond Trustees of Bond & Bridge District No. 1 of Alachua County might be by the latter conferred on any other person for occupying said portion of lake bottom for the purpose of erecting, maintaining and operating thereon a dock, wharf, bath houses and boat landing, together with anchorages, *all for the use of the public.* Plaintiff in error therefore claims to derive his own asserted rights in the disputed premises from the Trustees of the Internal Improvement Fund through the Bond Trustees of Special Road & Bridge District No. 1 of Alachua County, under whose authority he claims to be acting—the alleged connection of the licensee of the Trustees of the I. I. Fund with the defendant to the writ being subject to rebuttal, should that issue be submitted to a trial.

The State holds the title to lands under navigable waters in trust for the people of the State that they may enjoy the navigation of the waters, carry on commerce over them and have the liberty of fishing therein free from the obstruction and interference of private parties. The trust devolving upon the State for the public, and which can only be discharged by the management and control of the property in which the State has an interest, cannot be relin-

quished by a transfer of the property, or by the transfer of any special interest therein, except as to such parcels as are used in promoting the interests of the public therein, or can be disposed of without any substantial impairment of the public interest in the waters and lands remaining. Pembroke v. Peninsular Terminal Co., 108 Fla. 46, 146 Sou. Rep. 249.

The permit pleaded by the respondent in the court below as having been executed and granted by the Trustees of the Internal Improvement Fund is expressly authorized by a special statute that vests power in the Trustees of the Internal Improvement Fund to administer, manage, control, supervise, conserve and protect all lands owned by the State of Florida by right of sovereignty, when not vested by law in some other state agency. Chapter 15642, Acts 1931, Extra Session, Section 1446 (13) C. G. L., 1934 Supplement. The permit relied on was granted October 25, 1932, and was voted for by Ernest Amos, as Comptroller, W. V. Knott, as State Treasurer, and Nathan Mayo, as Commissioner of Agriculture. Said officers constituted a majority of the membership of the Trustees of the Internal Improvement Fund and it appears that when they acted they were convened at an official meeting of the Trustees called for the regular transaction of business. All these facts appear by a certified copy of the proceedings filed in the court below as part of the respondent's amended answer.

A majority of the membership of the Trustees of the Internal Improvement Fund when regularly convened in official session, may lawfully act for the whole board, which is now a statutory body made up of high State officers serving ex-officio as Trustees of the Internal Improvement Fund. And as a statutory body, the Trustees of the In-

ternal Improvement Fund are vested with a wide variety of powers, duties and responsibilities in addition to their several responsibilities as Trustees under the original trust which brought the Trustees of the I. I. Fund into being. State v. Board of State Canvassers, 17 Fla. 29; Hill v. Vanderpool, 15 Fla. 126; Billings v. Stark, 15 Fla. 297.

We hold the rejected answer (plea) interposed May 1, 1933, to be a good defense and that the orders sustaining the State's motion to strike the same was error for which the judgment must be reversed.

Reversed.

WHITFIELD, TERRELL, BROWN and BUFORD, J. J., concur.